# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY DYER, et al.<br><br>    Defendants. | Case No. 1:13-cv-00540-LJO-SAB<br><br>**ORDER SCREENING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN**<br><br>ECF NO. 1<br><br>RESPONSE DUE WITHIN THIRTY (30) DAYS |

Plaintiff Paul Weldon ("Plaintiff") filed the complaint in this action on April 15, 2013. (ECF No. 1.) For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims and will order Plaintiff to either file an amended complaint or to notify the Court that he wishes to proceed only on the claims found to be cognizable in this order.

## I.

## SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff who applies to proceed in forma pauperis if the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff names Jerry Dyer, John Conlee and Economy Towing as defendants in this action. (Compl. 1:13-14.) Plaintiff does not expressly identify who these persons or entities are or who they work for.

Plaintiff alleges that on April 18, 2011, he was pulled over by John Conlee. (Compl. ¶ 1.) Plaintiff does not identify where this occurred or why Plaintiff was pulled over. After Plaintiff pulled over, Conlee allegedly reached into Plaintiff's car, pulled Plaintiff's keys out of the ignition switch and slammed the keys on top of Plaintiff's car. (Compl. ¶ 1.) Plaintiff alleges that he then "demanded [Conlee] to take [Plaintiff] immediately before the magistrate as this is my constitutional right to Due Process." (Compl. ¶ 2.) Conlee "made light of [Plaintiff's] demands" and "offered a retort ignoring [his] right to Due Process and failed to administer Due Process rights." (Compl. ¶ 3.)

At some point during the stop, Plaintiff received a call "from [his] counsel." (Compl. ¶ 4.) Plaintiff contends that he put his counsel on hold and placed his phone on the dash board "out of respect for [C]onlee." (Compl. ¶ 4.) Conlee then reached into the car door, turned Plaintiff's

phone off, and threw it on the passenger seat. (Compl. ¶ 5.) Plaintiff alleges that "[t]his was [a]lso a [v]iolation of [his] Constitutional right to have counsel of [his] choice present during interrogation." (Compl. ¶ 6.)

Conlee then ordered Plaintiff to exit the vehicle, which Plaintiff did because he "thought [Conlee] might have tried to sho[o]t [Plaintiff] and kill [Plaintiff] without provocation." (Compl. ¶ 7.) Conlee then grabbed Plaintiff's arms and proceeded to "manhandle" Plaintiff and twist Plaintiff's arms up." (Compl. ¶ 8.) Plaintiff alleges that he "gave [no] provocation for [C]onlee to manhandle [Plaintiff]." (Compl. ¶ 9.) Plaintiff alleges that Conlee injured his shoulders, jerked his arms behind him, crushed his fingers, crushed his hands, and slapped handcuffs around his wrists tightly "as if [C]onlee was trying to torture [Plaintiff]." (Compl. ¶ 10.)

Plaintiff also alleges that Conlee conducted an unconstitutional search through Plaintiff's pockets. (Compl. ¶ 12.) Conlee dropped one of Plaintiff's "expensive pagers" and damaged it during the search. (Compl. ¶ 13.)

Plaintiff also alleges that Conlee ripped the car registration sticker off of Plaintiff's rear license plate "without provocation" and "out of spite." (Compl. ¶ 14.) Conlee then called a towing company and had Plaintiff's car towed off of private property without Plaintiff's consent. (Compl. ¶ 15.)

### III.

### DISCUSSION

#### A.   Plaintiff's Claims

Plaintiff's complaint does not clearly identify the claims that he is raising in this lawsuit. Plaintiff's narrative complaint mentions the violation of his constitutional rights and at one point cites the Fifth and Fourteenth Amendments of the United States Constitution. The caption of Plaintiff's complaint cites 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

Sections 1981, 1985 and 1986 concern guarantee equal protection of the laws and prohibit discrimination. See 42 U.S.C. §§ 1981, 1985, 1986. Plaintiff's factual allegations do not appear to implicate these laws. Accordingly, Plaintiff's claims under Sections 1981, 1985 and 1986 will be dismissed with leave to amend.

Section 1983 authorizes civil actions for the deprivation of any rights and privileges secured by the Constitution. See 42 U.S.C. § 1983. Since Plaintiff's allegations touch upon constitutional rights guaranteed under the Fourth Amendment (the right to be free from unreasonable searches and seizures) the Fifth Amendment (due process), and the Fourteenth Amendment (due process) [1], the Court will analyze Plaintiff's claims under Section 1983 and the Fourth, Fifth and Fourteenth Amendments.

**B.    Prompt Presentment Claim**

Plaintiff's complaint alleges that his constitutional rights were violated when Conlee denied Plaintiff's demand to be taken "immediately before the magistrate." (Compl. ¶ 2-3.) To the extent that Plaintiff's complaint raises a claim based upon Conlee's failure to comply with Plaintiff's demand, Plaintiff's allegation fails to state a claim.

Federal and state law enforcement officials must present an arrestee to a judicial officer without unreasonable delay. See Fed.R.Crim.P. 5(a); U.S. v. Redlightning, 624 F.3d 1090, 1106 (9th Cir. 2010) (discussing prompt presentment requirement under Federal Rule of Criminal Procedure 5(a)); Hallstrom v. City of Garden City, 991 F.2d 1473, 1478 (9th Cir. 1993) (discussing constitutional presentment requirements applicable to state law enforcement officials). However, Plaintiff's claim fails because Plaintiff did not allege that he was ever arrested. The constitutional prompt presentment requirements only apply when an individual is arrested and detained. Since Plaintiff's complaint only alleges that he was pulled over, presumably for a traffic violation, and was never detained beyond handcuffing at the scene, the failure to present Plaintiff to a magistrate or other appropriate judicial official has no constitutional implications.

Secondly, the Constitution does not require law enforcement officials to present an arrestee before a judicial officer "immediately" after the arrestee makes such a demand. The

---

[1] The Fifth Amendment's due process clause applies to actions taken by the federal government, whereas the Fourteenth Amendment's due process clause applies to actions taken by the state or local government. See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Since Plaintiff did not specify whether defendants are federal or state actors, it is unclear which amendment applies. However, the analysis under both amendments is largely the same. See Schweiker v. Wilson, 450 U.S. 221, 226 n.6 (1981).

Supreme Court has stated that presentment "within 48 hours of arrest will, as a general matter, comply with the promptness requirement." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). In the federal context, 18 U.S.C. § 3501(c) provides a six hour "safe harbor" period with respect to the admissibility of confessions made by arrestees prior to presentment to a magistrate. See U.S. v. Valenzuela-Espinoza, 697 F.3d 742, 748 (9th Cir. 2011). The relevant constitutional inquiry is whether any delay was unreasonable or unnecessary. Id. at 751-52; County of Riverside, 500 U.S. at 56-57. The Court is unaware of any authority which requires law enforcement officials to present arrestees to a judicial officer "immediately" after an arrestee makes such a request during the middle of a traffic stop. Accordingly, even if Plaintiff had been arrested, Plaintiff's allegation that Conlee failed to "immediately" present Plaintiff to a judicial officer at Plaintiff's request does not state a claim.

### C. Interference With Counsel Claim

Plaintiff alleges that Conlee interfered with Plaintiff's "Constitutional right to have counsel of my choice present during interrogation" by turning Plaintiff's phone off when it was connected to Plaintiff's counsel. (Compl. ¶¶ 4-6.)

"'[G]overnment interference with a defendant's relationship with his attorney may render counsel's assistance so ineffective as to violate ... his Fifth Amendment right to due process of law.'" U.S. v. Stringer, 535 F.3d 929, 941 (9th Cir. 2008) (quoting U.S. v. Irwin, 612 F.2d 1182, 1185 (9th Cir. 1980)). "A claim of government interference with the attorney-client relationship has three elements: (1) the government was objectively aware of an ongoing, personal attorney-client relationship; (2) the government deliberately intruded into that relationship; and (3) as a result, the defendant suffered actual and substantial prejudice." Id. (citing U.S. v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996)).

Here, Plaintiff fails to allege facts that support any element of an attorney-client interference claim. Plaintiff does not allege that Conlee was objectively aware of an attorney-client relationship between Plaintiff and the person on the phone. Plaintiff does not allege that Conlee deliberately intruded into that relationship. Most importantly, Plaintiff does not allege that he suffered any actual and substantial prejudice. Plaintiff does not allege that he was arrested

or convicted and does not allege that Conlee's act of shutting off Plaintiff's phone during the traffic stop caused any prejudice to Plaintiff. Accordingly, Plaintiff fails to state a claim for interference with Plaintiff's right to counsel.

### D. Excessive Force Claim

Plaintiff alleges that Conlee violated Plaintiff's constitutional rights by using excessive force against Plaintiff during the traffic stop. (Compl. ¶¶ 7-10.)

Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen invoke the protections of the Fourth Amendment and are governed by its "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 394 (1989). "[W]hether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (internal quotations and citations omitted). "Not every push or shove, even if it may later seem unnecessary in the pace of a judge's chambers, violates the Fourth Amendment." Id. at 396 (internal quotations and citations omitted). "[T]he question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397.

It is worth noting that Plaintiff did not allege that the traffic stop itself was unreasonable or that was no probable cause to believe that a traffic violation had occurred. Once a motor vehicle has been lawfully detained for a traffic stop, police officers may order the driver to get out of the vehicle without violating the Fourth Amendment. Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977).

Liberally construed, the Court finds that Plaintiff's allegations state a cognizable claim against Conlee for the use of excessive force in violation of the Fourth Amendment. Plaintiff alleged that he gave "no provocation," that Plaintiff was an elderly senior and that Conlee "manhandle[d]" Plaintiff, crushed his hands and fingers, and injured Plaintiff's shoulders. At this stage in litigation, the Court must accept Plaintiff's factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff alleged sufficient facts to support the plausible conclusion

that the degree of force used by Conlee was unreasonable in light of the circumstances.

### E. Unreasonable Search and Seizure Claims

Plaintiff alleges that Conlee violated his constitutional rights by searching Plaintiff's pockets and calling a towing company to tow Plaintiff's car.

"To justify a patdown of the driver ... during a traffic stop ... the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S. 323, 327 (2009). Plaintiff alleges that Conlee searched Plaintiff "without provocation." Liberally construed, Plaintiff states a cognizable claim against Conlee for an unreasonable search in violation of the Fourth Amendment.

"The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). "'A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement.'" Id. (quoting U.S. v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001).

In Miranda v. City of Cornelius, the Court held that probable cause to believe that there was a traffic violation is not sufficient to justify the impoundment of a vehicle. Id. at 864. The Court noted that the "community caretaking" doctrine may justify impounding a vehicle that jeopardizes public safety and the efficient movement of vehicular traffic. Id. at 864. However, the burden is on the government to raise and establish this defense. Id. Since the burden is on the defendants to raise the "community caretaking" defense, the Court finds that Plaintiff has alleged sufficient facts to support his claim that Conlee unconstitutionally seized Plaintiff's vehicle.

### F. Claims Against Jerry Dyer and Economy Towing

Plaintiff names Jerry Dyer and Economy Towing as defendants in this action. However, there are no factual allegations in Plaintiff's complaint describing who this person and entity are or how they were involved in the incident alleged in Plaintiff's complaint.

///

Although Plaintiff does not identify who Jerry Dyer is or how he participated in the incident alleged in Plaintiff's complaint, the Court is aware that Dyer is the chief of the Fresno Police Department.[2] Presumably, Plaintiff seeks to impose liability upon Dyer as the supervisor of Conlee, who is presumably an officer within the Fresno Police Department. However, supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In order to state a cognizable claim against Dyer, Plaintiff must allege facts that show that he, through his own individual actions, violated Plaintiff's constitutional rights. See id. Since Plaintiff failed to allege any facts specific to Dyer, Plaintiff fails to state a claim against him.

Similarly, although a private towing company could theoretically be held liable under Section 1983 if it were acting under color of state law and jointly engaged with state officials in a prohibited action, see Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1322 (9th Cir. 1982), Plaintiff's complaint fails to state any cognizable claims against Economy Towing because there are no allegations explaining what the company did or how it acted under color of state law to deprive Plaintiff of his constitutional rights.

### G.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff did not pay the filing fee in this action and instead filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, Plaintiff's application was not filed using the form in forma pauperis application utilized in this district. Moreover, the allegations in Plaintiff's complaint raise questions regarding whether Plaintiff was truthful and candid in his disclosure of his assets.[3] Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

---

[2] See Police Department, http://www.fresno.gov/Government/DepartmentDirectory/Police/default.htm (last visited Apr. 18, 2013).

[3] Plaintiff alleged that he owned an "expensive pager" in his complaint, yet made no mention of it in his in forma pauperis application. Moreover, the only assets/income divulged in Plaintiff's application was a "90 Ply Voyager [worth] $150" and the $20 Plaintiff's father gives Plaintiff "to mow the lawn every couple months." (Appl. to Proceed In Forma Pauperis 1-2.)

## IV.

## CONCLUSION AND ORDER

The Court finds that, liberally construed, Plaintiff's complaint states cognizable claims against Defendant John Conlee for the violation of Plaintiff's constitutional rights under the Fourth Amendment. Plaintiff alleges that Conlee used excessive force against Plaintiff, conducted an unreasonable search through Plaintiff's pockets during a traffic stop and unconstitutionally impounded Plaintiff's car. However, Plaintiff's complaint fails to state any other claims and fails to state any claims against Defendants Jerry Dyer or Economy Towing.

The Court will provide Plaintiff with the option to (A) file an amended complaint curing the deficiencies identified in this order, or (B) notify the Court in writing that he wishes to proceed only on the claims found to be cognizable in this order. Plaintiff must opt to proceed under option (A) or option (B), and may not attempt to exercise both options.

If Plaintiff opts to file an amended complaint, Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Finally, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff does not complete and file this application, he must pay the filing fee in full.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

       b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Conlee for the use of excessive force, the unreasonable search of Plaintiff's pockets and the unconstitutional impoundment of Plaintiff's car;

2. The Clerk of the Court is directed to send Plaintiff an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;

3. Within thirty (30) days from the date of service of this order, Plaintiff must either:

       a.    Complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; or

       b.    Pay the $350.00 filing fee in this action in full;

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 19, 2013**

UNITED STATES MAGISTRATE JUDGE