# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY DYER, et al.,<br><br>        Defendants. | Case No. 1:13-cv-00540-LJO-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS<br><br>ECF NO. 5<br><br>THIRTY (30) DAY DEADLINE |

      Plaintiff Paul Weldon ("Plaintiff") filed the original complaint in this action on April 15, 2013. (ECF No. 1.) On April 19, 2013, the Court screened Plaintiff's original complaint and found that it stated some cognizable claims. (ECF No. 4.) The Court ordered Plaintiff either to inform the Court that he wishes to proceed only on the cognizable claims or to file an amended complaint which cures the deficiencies in his non-cognizable claims. On May 14, 2013, Plaintiff filed his First Amended Complaint. (ECF No. 5.)

      For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. The Court dismisses the First Amended Complaint with leave to file a Second Amended Complaint.

/ / /

/ / /

/ / /

# I.

# SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

# II.

# PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff names John Conlee ("a Fresno City employee"), Action Towing[1] ("a Fresno California based business"), and Does 1-20 as defendants in this action (collectively referred to as "Defendants"). Plaintiff's First Amended Complaint asserts fourteen claims[2]: (1) for "[f]ailure to: obtain, take and file proper oath," (2) for "[f]ailure to adhere to and violations of Art. I section 8

---

[1] Action Towing was not named as a defendant in Plaintiff's original complaint. However, an entity named "Economy Towing" was named as a defendant in Plaintiff's original complaint but was excluded from Plaintiff's First Amended Complaint.

[2] Plaintiff mis-numbered the "counts" asserted in his First Amended Complaint. Plaintiff lists claims ranging from "Count one" to "Count fifteen." However, because Plaintiff skipped "Count six," there are only fourteen "counts."

2

of the Cal. Const. (1849)," (3) for violation of California Civil Code § 43, (4) for "[v]iolation and failure to adhere to Amendment IV and Art. I section 19 of the Cal. Constitution (1849)," (5) for "[f]alse arrest," (6) for violation of 42 U.S.C. § 1981, (7) for violation of 42 U.S.C. § 1983, (8) for violation of 42 U.S.C. § 1985 and 18 U.S.C. § 241, (9) for violation of 42 U.S.C. § 1986, (10) for violation of 42 U.S.C. § 1994, (11) for violation of 18 U.S.C. § 242, (12) for violation of 18 U.S.C. § 287, (13) for violation of 18 U.S.C. § 1001, and (14) for violation of California Government Code §§ 3000 and 3001.

Plaintiff's First Amended Complaint does not contain a concise description of the events that gave rise to Plaintiff's claims. Accordingly, the subject matter of Plaintiff's claims is unclear. Plaintiff's complaint alludes to an incident that occurred on April 18, 2011, but Plaintiff fails to describe that incident in detail.

Plaintiff's first count alleges that, on April 18, 2011, Conlee "unlawfully arrested Plaintiff without a warrant, when Defendant was not properly fully qualified to exercise the duties because he does not have an oath or an improper oath of office." (First Am. Compl. ¶ 6.) Plaintiff cites language from the United States Constitution and the California Constitution requiring certain government officials to take an oath of office. (First Am. Compl. ¶ 7.)

Plaintiff's second count alleges that Conlee failed to comply with the requirements of Article I, section 8 of the California Constitution. (First Am. Compl. ¶¶ 10-20.) Plaintiff alleges that Conlee "failed to uphold Amendment V/Art. I section 8, when he seized the Plaintiff's automobile in Fresno California, without warrant or permission of the owner, and did not compensate Plaintiff when he committed the unlawful taking...." (First Am. Compl. ¶ 12.) Plaintiff contends that a "Notice to Appear" issued by Conlee "was defective to serve as a summons." (First Am. Compl. ¶ 15.) Plaintiff alleges that "[t]he Notice to Appear is defective and inadequate because it appears that all Notices to Appear actually resemble a Bill of Attainder, which violates Article I section 9 ¶ 3 of the united States Constitution..." (First Am. Compl. ¶ 16.)

Plaintiff's third count alleges that Conlee violated California Civil Code § 43 "when he failed to maintain the personal rights of Plaintiff against bodily restraint and harm, from personal

3

insult, from defamation, and from injury to his personal relations, because this conduct violates Art. I section 1 of the Cal. Constitution...." (First Am. Compl. ¶ 22.) Plaintiff alleges that Conlee "unlawfully pulled Plaintiff from his automobile without warrant, without due cause, reasonable suspicion." (First Am. Compl. ¶ 22.) Conlee further "committed injury upon Plaintiff by forcing Plaintiff from car for asking CONLEE for proper [i]dentification, oath, bond, proof that Plaintiff was operating a commercial vehicle pursuant Veh. Code §260(a) and a warrant." (First Am. Compl. ¶ 22.) Plaintiff contends that Conlee "assaulted and battered Plaintiff because of some notion that he may use force when can no longer control the situation: CONLEE's servant status means he is never in control." (First Am. Compl. ¶ 22.)

Plaintiff's fourth count alleges that Conlee violated Amendment IV and Article I, section 19 of the California Constitution. (First Am. Compl. ¶¶ 26-30.) Plaintiff alleges that Conlee "performed an unconstitutional search of Plaintiff's person, papers, and affects (a vehicle) at the time of the incident, on 4/18/2011 in Fresno California; [s]aid searches and seizure(s) were done without the consent of Plaintiff." (First Am. Compl. ¶ 27.)

Plaintiff's fifth count alleges that Conlee affected a "false arrest" of Plaintiff." (First Am. Compl. ¶¶ 31-37.) Plaintiff contends that Conlee had "no probable cause or reasonable suspicion to stop the Plaintiff on the highway." (First Am. Compl. ¶ 33.)

Plaintiff's seventh count alleges that Conlee and Action Towing violated 42 U.S.C. § 1981. (First Am. Compl. ¶¶ 38-42.) Plaintiff contends that Conlee "failed to give, provide or protect Plaintiff in Plaintiff's free exercise and enjoyment of his inherent rights that officers declare they will support and defend ... and failed to do his duty in protecting Plaintiff from impairment of Plaintiff's rights...." (First Am. Compl. ¶ 39.)

Plaintiff's eighth count alleges that Conlee and Action Towing violated 42 U.S.C. § 1983. (First Am. Compl. ¶¶ 43-46.) Plaintiff alleges that Conlee and Action Towing "deprived plaintiff of his right in property, an automobile without permission from plaintiff and did so without the benefit of a warrant...." (First Am. Compl. ¶ 44.) Plaintiff also alleges that his rights under Article I of the California Constitution were violated. (First Am. Compl. ¶ 45.)

///

Plaintiff's ninth count alleges that Conlee and Action Towing violated 42 U.S.C. § 1985 and 18 U.S.C. § 241. (First Am. Compl. ¶¶ 47-50.) Plaintiff alleges that Conlee and Action Towing conspired to deprive Plaintiff of his right to be free from unreasonable searches and seizures, his right to possess property and his right to freely move about within California. (First Am. Compl. ¶ 48.)

Plaintiff's tenth count alleges that Conlee and Action towing violated 42 U.S.C. § 1986. (First Am. Compl. ¶¶ 51-53.) Plaintiff alleges that Conlee "had a firearm, and he displayed and/or brandished said weapon, he then used force to rest Plaintiff's automobile from Plaintiff, doing so without Plaintiff's permission or consent..." (First Am. Compl. ¶ 52.) Plaintiff further alleges that Action Towing "acted in concert and participated with CONLEE." (First Am. Compl. ¶ 52.)

Plaintiff's eleventh count alleges that Conlee and Action Towing violated 42 U.S.C. § 1994. (First Am. Compl. ¶¶ 54-56.) Plaintiff alleges that Conlee and Action Towing "directly and indirectly forced Plaintiff into involuntary service or labor by taking, holding, and keeping his automobile, said keeping deprived Plaintiff of said property and incidentally and directly placed Plaintiff into involuntary service or labor." (First Am. Compl. ¶ 55.)

Plaintiff's twelfth count alleges that Conlee and Action Towing violated 18 U.S.C. § 242. (First Am. Compl. ¶¶ 57-59.) Plaintiff alleges that Conlee and Action Towing "unlawfully and without warrant searched and seized Plaintiff's automobile, based on some notion [C]onlee held that said vehicle was a 'commercial vehicle' and was subject to inspection, control, supervision and penalties...." (First Am. Compl. ¶ 58.)

Plaintiff's thirteenth count alleges that Conlee violated 18 U.S.C. § 287. (First Am. Compl. ¶¶ 60-62.) Plaintiff alleges that Conlee wrote certain information in a Notice to Appear "knowing that Plaintiff was not a fiction, wrote in a name that indicates a fictitious entity, not man, including constructively not entering a check mark in the box indicated at the top as Traffic/Commercial, then entering information that insinuates that Plaintiff was a commercial motor vehicle operator ... when he knew that information was false." (First Am. Compl. ¶ 61.) Plaintiff further alleges that "Conlee knows that all driver's licenses are commercial regardless of

1  class of license." (First Am. Compl. ¶ 61.)

2  Plaintiff's fourteenth count alleges that Conlee violated 18 U.S.C. § 1001. (First Am. Compl. ¶¶ 63-66.) Plaintiff alleges that Conlee made false statements in the Notice to Appear, identical to those identified in Plaintiff's thirteenth count. (First Am. Compl. ¶ 64.)

Plaintiff's fifteenth count alleges that Conlee violated California Government Code §§ 3000 and 3001. (First Am. Compl. ¶¶ 67-70.) Plaintiff alleges that Conlee's actions were "against the peace and dignity of the united[sic] States and California." (Compl. ¶ 69.) Plaintiff appears to contend that Conlee forfeited his office as a result of his actions. (First Am. Compl. ¶¶ 67-69.)

## III.

## DISCUSSION

### A.  Plaintiff's Failure to Provide a Short and Plain Statement of His Claims

Plaintiff's claims fail because Plaintiff's First Amended Complaint fails to provide a short and plain statement of his claims. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted)  "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" Id. (citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citations omitted).

In this case, Plaintiff's First Amended Complaint consists largely of recitations of statutes. Plaintiff fails to allege facts describing the April 18, 2011 incident involving Conlee and Action Towing. Plaintiff alludes to his car being seized and a Notice to Appear being issued, but the First Amended Complaint is "devoid of further factual enhancement" necessary to provide Defendants with fair notice of the factual basis of Plaintiff's claims. Put simply, despite having read the First Amended Complaint in its entirety, the Court is unable to determine what happened on April 18, 2011 that gives rise to the legal claims asserted by Plaintiff.

6

Furthermore, the Court notes that Plaintiff's First Amended Complaint provides less factual detail than Plaintiff's original complaint. Plaintiff's original complaint consisted of a narrative describing the April 18, 2011, where Conlee pulled Plaintiff over for unspecified reasons, removed Plaintiff from his car and proceeded to "manhandle" Plaintiff and search through his pockets. Plaintiff's First Amended Complaint, for reasons unknown, omits many of the factual details provided in the original complaint, including but not limited to references to a telephone conversation Plaintiff had with his "counsel," an incident involving Plaintiff's "expensive pager," and Conlee's manhandling of Plaintiff. As written, Plaintiff's First Amended Complaint fails to provide sufficient factual allegations to support any claims. Accordingly, Plaintiff's claims will be dismissed.[3]

**B.   Plaintiff's Claims**

As set forth below, Plaintiff's claims suffer from defects beyond the failure to provide sufficient factual allegations. As an initial matter, many of Plaintiff's claims are premised on alleged violations of rights guaranteed by the 1849 California Constitution. The 1849 California Constitution was superseded by the 1879 California Constitution and is therefore no longer in effect.[4] See Harris v. Business, Transp. and Housing Agency, No. C 07-0459 PJH, 2007 WL 1574553, at *10 (N.D. Cal. May 30, 2007); 7 Witkin, Summary of California Law, Constitutional Law, § 67 (10th ed., 2006). Accordingly, Plaintiff's cannot state a claim under the 1849 California Constitution.

1.   Count One: Failure to Obtain, Take and File Proper Oath

Plaintiff's first count alleges that Conlee failed to take a proper oath of office. Plaintiff's claim fails because Plaintiff fails to identify any authority which grants Plaintiff a private right of action to sue for Conlee's alleged failure to take a proper oath of office. Moreover, Plaintiff fails

---

[3] Plaintiff was advised, in the Court's previous screening order, that any amended complaint must be complete in itself without reference to the prior or superseded pleading, per Local Rule 220. (Order Screening Pl.'s Compl. and Req. Pl. Either to File Am. Compl. or to Notify Court of Willingness to Proceed Only on Claims Identified Herein 9:15-21.)

[4] The 1849 California Constitution was adopted before California entered into the Union in September 1850. It remained in effect from 1849 to the California state constitution adopted in 1879.

to allege facts that plausibly support the conclusion that Conlee failed to take a proper oath of office.

Plaintiff does not state a cognizable claim based upon Conlee's failure to take a proper oath of office. Accordingly, this claim will be dismissed.

### 2. Count Two: Violation of Art. I Section 8 of the California Constitution

Plaintiff's second count alleges that Conlee violated Article I, section 8 of the 1849 California Constitution. Plaintiff's claim fails because, as discussed above, the 1849 California Constitution is no longer in affect. The most closely analogous provision in the current California Constitution is Article 1, section 15. Moreover, Plaintiff's claim is confusing because he quotes from a source he cites as "Amendment V/Article I section 8, California Constitution. (See First Am. Compl. ¶ 11.) "Amendment V" appears to be a reference to the Fifth Amendment of the United States Constitution, but it is unclear how one could quote from both sources at the same time. The Fifth Amendment's due process clause only applies to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since Plaintiff alleged that Conlee was a local government official, Plaintiff cannot state a claim for violation of his due process rights under the Fifth Amendment. Id.

More pertinently, Plaintiff's complaint fails to state facts support a due process claim. Plaintiff alleges that Conlee was not authorized to take Plaintiff's vehicle "as there is no evidence that supports that the Vehicle was used in a commercial activity." (First Am. Compl. ¶ 13.) However, this allegation is not sufficient to support a due process claim because it fails to address the possibility that Plaintiff's car was towed for other, legitimate reasons. Plaintiff further alleges that "Plaintiff was not required to register, as he was using the vehicle in the §260(b) or §260(c) capacity, at the time of the incident." (First Am. Compl. ¶ 13.) California Vehicle Code section 260 defines "commercial vehicle." However, even if Plaintiff's car was not a commercial vehicle, he is still required to register his vehicle. See Cal. Vehicle Code §§ 4000, et seq.

Plaintiff also alleges that Conlee was not authorized to issue a Notice to Appear "since all criminal offenses are to be brought on Information or Indictment of a Grand Jury." (First Am. Compl. ¶ 14.) Plaintiff does not allege that he was prosecuted for any criminal offense, so it is

unclear why the "indictment or information" procedures are relevant. Plaintiff alleged that his car was towed, impounded and/or otherwise seized, which is not to say that he was criminally prosecuted. Notably, the "indictment or information" procedure does not apply to misdemeanors and infractions. Cal. Penal Code § 682(3). Accordingly, assuming Plaintiff was charged with a misdemeanor or other infraction, Plaintiff was not entitled to prosecution by indictment or information.

Plaintiff argues that the Notice of Appear is defective because "all Notices to Appear actually resemble a Bill of Attainder...." Plaintiff cites no authority for this proposition and fails to allege any facts that plausibly support this proposition. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977). The facts alleged in Plaintiff's complaint do not come close to demonstrating the existence of an unconstitutional bill of attainder.

Plaintiff does not state a cognizable claim for a violation of Article I, section 8 of the 1849 California Constitution. Accordingly, this claim will be dismissed.

3.   Count Three: Violation of Civil Code § 43

Plaintiff's third count alleges that Conlee violated California Civil Code § 43. Section 43 states that "every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm...." Cal. Civ. Code § 43.

Plaintiff's third count appears to rely upon the unsupported premise that Conlee is a "servant" and Plaintiff is a "master." Plaintiff suggests that Conlee removed Plaintiff from his vehicle because Conlee could "no longer control the situation." Plaintiff contends that Conlee's actions were illegal because "CONLEE'S servant status means he is never in control." (First Am. Compl. ¶ 22.) Plaintiff's contention that Conlee (presumably a police officer or other law enforcement official) may not use force to take control of a situation is flatly rejected by well-established precedent. The constitutionality of the use of force is governed by its reasonableness, and the Supreme Court has expressly acknowledged that use of force by officers is reasonable where "appropriate under the circumstances," not "applied maliciously or sadistically for the very

9

purpose of causing harm" and, most pertinently in this case, in "a good faith effort to maintain or restore order in the face of a potentially explosive situation." Graham v. Connor, 490 U.S. 386, 390-91 (1989). Accordingly, the Court flatly rejects any suggestion that Conlee's use of force was per se unconstitutional because he is a "servant."

Plaintiff does not state a cognizable claim for a violation of California Civil Code § 43. Accordingly, this claim will be dismissed.

    4.  Count Four: Violation of the Fourth Amendment and Article I, Section 19 of the California Constitution

Plaintiff's fourth count alleges that Conlee effectuated an unreasonable search and seizure. Although Plaintiff stated a cognizable search and seizure claim in his original complaint, Plaintiff's fourth count fails because the First Amended Complaint fails to allege facts describing the allegedly unconstitutional search and seizure. Additionally, no claim arises under the 1849 California Constitution since, as noted, this particular constitution no longer exists.

Plaintiff does not state a cognizable claim for violation of the Fourth Amendment or Article I, section 19 of the 1849 California Constitution. Accordingly, this claim will be dismissed.

    5.  Count Five: False Arrest

Plaintiff's fifth count alleges that Conlee effectuated a false arrest. However, Plaintiff fails to allege facts that plausibly support the conclusion that Conlee effectuated an unconstitutional seizure of Plaintiff's person. Plaintiff alleged that he was stopped on the highway and asked to leave his vehicle. Plaintiff contends that it is unconstitutional for a police officer to stop a vehicle on the highway merely because the "officer believes a vehicle may be moving to[sic] fast." (First Am. Compl. ¶ 33.) This assertion is false, as it is clearly established that police officers may stop an automobile whenever the police have probable cause to believe that a traffic violation has occurred. Whren v. U.S., 517 U.S. 806, 810 (1996). Thus, if Conlee believed Plaintiff was driving over the speed limit and had probable cause to support this belief, be it his own observations or otherwise, the traffic stop was reasonable and constitutional.

///

Furthermore, Plaintiff's references to "involuntary servitude" have no merit, as effectuating a traffic stop is in no way related to involuntary servitude or slavery.

Plaintiff does not state a cognizable claim based upon any alleged false arrest. Accordingly, this claim will be dismissed.

### 6.  Count Seven: 42 U.S.C. § 1981

Plaintiff's seventh count alleges that Conlee and Action Towing violated 42 U.S.C. § 1981. As noted in the Court's order screening Plaintiff's original complaint, Section 1981 prohibits discrimination. See, e.g., Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1144-45 (9th Cir. 2005) (stating elements of a employment discrimination case under Section 1981).

Plaintiff has failed to allege any facts remotely resembling discriminatory conduct. Accordingly, Plaintiff's First Amended Complaint fails to state a claim under Section 1981 and this claim will be dismissed.

### 7.  Count Eight: 42 U.S.C. § 1983

Plaintiff's eighth count alleges that Conlee and Action Towing violated 42 U.S.C. § 1983. However, Section 1983 merely authorizes a private right of action, it does not establish any substantive right that can be "violated" by a defendant. See Lacy v. County of Maricopa, 631 F. Supp. 2d 1197, 1203 (D. Ariz. 2008) ("[Section 1983] does not create any substantive rights; rather it is a vehicle whereby plaintiffs can challenge actions by government officials.").

As discussed throughout this order, Plaintiff's First Amended Complaint fails to allege facts that plausibly demonstrate that Defendants violated Plaintiff's rights. Accordingly, Plaintiff fails to state any claims under Section 1983 and this claim will be dismissed.

### 8.  Count Nine: 42 U.S.C. § 1985 and 18 U.S.C. § 241

Plaintiff's ninth count alleges that Conlee and Action Towing violated 42 U.S.C. § 1985 and 18 U.S.C. § 241. Section 1985, like Section 1981, concerns discrimination. See Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (plaintiff failed to state claim under Section 1985(3) because there was no allegation of racially or class-based, invidiously discriminatory animus). Plaintiff fails to allege any facts relating to discrimination. Therefore, Plaintiff's Section 1985 claim will be dismissed.

Plaintiff's claim under 18 U.S.C. § 241 fails because Section 241 is a criminal statute that does not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Accordingly, this claim will be dismissed.

### 9. Count Ten: 42 U.S.C. § 1986

Plaintiff's tenth count alleges that Conlee and Action Towing violated 42 U.S.C. § 1986. Section 1986 imposes liability against persons who have "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed...." 42 U.S.C. § 1986. Since Plaintiff's First Amended Complaint fails to state a claim under Section 1985, Plaintiff states no claim under Section 1986 and this claim will be dismissed.

### 10. Count Eleven: 42 U.S.C. § 1994

Plaintiff's eleventh count alleges that Conlee and Action Towing "directly and indirectly forced Plaintiff into involuntary service or labor." Section 1994 outlaws peonage. "Peonage" is defined as "compulsory service in payment of a debt." Bailey v. State of Alabama, 219 U.S. 219, 242 (1911). The First Amended Complaint does not allege that Plaintiff was subjected to peonage or involuntary servitude in liquidation of any debt or obligation. See Knight v. City of Mercer Island, 70 Fed.Appx. 413, 415 (9th Cir. 2003). Plaintiff contends he was "indirectly" subjected to labor, presumably to pay off the fees associated with the impoundment of his car. Such facts do not state a claim for the violation of Section 1994.

Plaintiff does not state a cognizable claim under Section 1994. Accordingly, Plaintiff's Section 1994 claim will be dismissed.

### 11. Count Twelve: 18 U.S.C. § 242

Plaintiff's twelfth count alleges that Conlee and Action Towing violated 18 U.S.C. § 242. Plaintiff's claim under Section 242 fails because Section 242 is a criminal statute that does not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Accordingly, this claim will be dismissed.

### 12. Count Thirteen: 18 U.S.C. § 287

Plaintiff's thirteenth count alleges that Conlee violated 18 U.S.C. § 287. Section 287 is a criminal statute and the Court is unaware of any authority or argument suggesting that it creates a

private right of action that gives rise to civil liability.  See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone... And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."); Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 15 (1979) (discussing factors considered in determining whether a statute creates a cause of action).

More pertinently, Section 287, by its plain language, only applies to false claims made to the "United States, or to any department or agency thereof."  18 U.S.C. § 287.  Plaintiff does not allege that Conlee made any statements, false or otherwise, to the federal government.

Accordingly, Plaintiff fails to state a cognizable claim under Section 287.  This claim will be dismissed.

        13.     Count Fourteen: 18 U.S.C. § 1001

Plaintiff's fourteenth count alleges that Conlee violated 18 U.S.C. § 1001.  Section 1001 is a criminal statute that does not give rise to civil liability.  Dowdell v. Sacramento Housing & Redevelopment Agency, No. 2:11-cv-00409 JAM KJN PS, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011); see also Federal Sav. and Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987).  Moreover, Section 1001 only criminalizes false statements made "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States..."  18 U.S.C. § 1001(a).  "A false statement is submitted in a matter within the jurisdiction of a department or agency within the meaning of 18 U.S.C.A. 1001 if it relates to a matter as to which the Department had the power to act."  Ogden v. U.S., 303 F.2d 724, 743 (9th Cir. 1962).

Plaintiff fails to allege any facts that suggest Conlee made any false statements within the jurisdiction of the federal government.  Accordingly, Plaintiff's Section 1001 claim fails to state a cognizable claim and will be dismissed.

        14.     Count Fifteen: California Government Code §§ 3000 and 3001

Plaintiff's fifteenth count alleges that Conlee violated California Government Code sections 3000 and 3001.  Section 3000 states that "[a]n officer forfeits his office upon conviction

of designated crimes as specified in the Constitution and laws of the State." Cal. Gov't Code § 3000. Section 3001 states that "[a]ny State, county, or city officer who is intoxicated while in discharge of the duties of his office ... is guilty of a misdemeanor [and o]n conviction of such misdemeanor he forfeits his office...." Cal. Gov't Code § 3001. The Court is unaware of any authority that grants an individual a private right of action to sue for monetary damages under Section 3000 or Section 30001.

Plaintiff fails to allege any facts that plausibly support the conclusion that Conlee was convicted of any crime or was intoxicated while in the discharge of his duties. Accordingly, Plaintiff fails to state a cognizable claim under Sections 3000 or 3001 and this claim will be dismissed.

**C.     Sanctions Against Plaintiff Under Rule 11**

Federal Rule of Civil Procedure 11(b) states, in pertinent part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

Federal Rule of Civil Procedure 11(c) further states, in pertinent part:

> **(c) Sanctions.**
> **(1)  *In General*.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
> ...
> **(3)  *On the Court's Initiative*.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

///

Plaintiff is hereby forewarned that Rule 11 requires every factual allegation and legal contention to have a reasonable basis. Plaintiff is further forewarned that filing a complaint based upon facts and law that have no reasonable basis may result in sanctions, including but not limited to an order to pay a penalty to the Court. See Fed.R.Civ.P. 11(c)(4). The Court notes that many of the claims raised in the First Amended Complaint appear to have no reasonable basis in fact or law. For example, Plaintiff's first count alleged that Conlee failed to take a proper oath, but this claim does not appear to have any reasonable basis in fact or law. Moreover, Plaintiff repeatedly bases claims arising from the violation of provisions of the 1849 California Constitution, which has no reasonable basis in law given that it is well-established that the 1849 California Constitution has been superseded and is no longer in effect. Plaintiff also raises several claims based upon the violation of criminal statutes that do not give rise to a private right of action. Additionally, Plaintiff's claims under California Government Code Sections 3000 and 3001 appear to have no basis in fact or law. Many other claims and allegations in the First Amended Complaint appear to have no reasonable basis in fact or law.

As set forth below, Plaintiff will be given leave to file an amended complaint. However, if Plaintiff continues to assert claims that have no apparent basis in fact or law, the Court will order Plaintiff to show cause why sanctions should not be imposed under Rule 11 and Plaintiff will be ordered to demonstrate the factual basis for his allegations (i.e., provide references to the facts and evidence that support his allegations) and the legal basis for his claims (i.e., provide citations to the statutes and caselaw that supports his legal claims). Plaintiff will be sanctioned if Plaintiff cannot demonstrate a reasonable basis for his factual allegations and his legal claims.

### IV.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that

the pleading could not possibly be cured by the allegation of other facts); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Plaintiff is advised that Local Rule 220 requires an amended complaint to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint; and
3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 21, 2013**

UNITED STATES MAGISTRATE JUDGE