# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON, | Case No. 1:13-cv-00540-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| JERRY DYER, et al., | ECF NO. 10 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Plaintiff Paul Weldon ("Plaintiff") filed the original complaint in this action on April 15, 2013. (ECF No. 1.) On April 19, 2013, the Court screened Plaintiff's original complaint and found that it stated some cognizable claims. (ECF No. 4.) The Court ordered Plaintiff either to inform the Court that he wishes to proceed only on the cognizable claims or to file an amended complaint which cures the deficiencies in his non-cognizable claims. On May 14, 2013, Plaintiff filed his First Amended Complaint. (ECF No. 5.) On May 21, 2013, the Court screened Plaintiff's First Amended Complaint and found that it failed to state any cognizable claims. (ECF No. 7.) The Court dismissed the First Amended Complaint with leave to amend. Plaintiff filed his Second Amended Complaint on June 19, 2013. (ECF No. 10.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint states some cognizable claims. The Court recommends that Plaintiff's claims against Defendant Dyer and Plaintiff's claims under 42 U.S.C. § 1986 be dismissed and that this action proceed on Plaintiff's claims against Defendants Conlee, Econo Towing and John Doe #1-3.

I.

SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.

PLAINTIFF'S COMPLAINT

Plaintiff names Jerry Dyer (Chief of the Fresno Police Department), John Conlee (Fresno police officer), Econo Towing Company, two John Doe individuals who own and operate the Econo Towing Company (John Doe #1 and John Doe #2), and one John Doe individual who is a towing truck operator for Econo Towing Company (John Doe #3) as defendants in this action (all defendants collectively referred to as "Defendants"). (Second Am. Compl. ¶¶ 3-7.)

Plaintiff alleges that he was driving down Belmont Avenue in Fresno, California on April 18, 2011 in a properly registered vehicle when he was pulled over by Conlee. (Second Am. Compl. ¶¶ 9-10.) Plaintiff alleges that Conlee was unnecessarily harsh and belligerent. (Second

Am. Compl. ¶ 11.) Conlee told Plaintiff that he was speeding. (Second Am. Compl. ¶ 11.)

Plaintiff "calmly told Conlee that they should immediately go before a magistrate so that the matter might be resolved in a manner that would remove from the equation, the emotionality and belligerence of Conlee." (Second Am. Compl. ¶ 12.) However, Conlee became infuriated and reached into Plaintiff's vehicle and snatched the keys out of the ignition. (Second Am. Compl. ¶ 12.)

At this time, Plaintiff received a phone call from "his legal counsel" and asked the caller to wait and placed the phone on his dashboard. (Second Am. Compl. ¶ 13.) However, Conlee snatched the phone, closed the cover and tossed it back into the vehicle. (Second Am. Compl. ¶ 13.) Conlee then ordered Plaintiff to get out of the vehicle. (Second Am. Compl. ¶ 14.)

When Plaintiff exited the car, Conlee "proceeded to assault [Plaintiff] by roughly grabbing him by the wrists, twisting his arms in a violent fashion so as to bring [Plaintiff's] arms behind his back." (Second Am. Compl. ¶ 15.) Plaintiff alleges that he suffered pain in his joints, rotator sockets, elbows and wrists. (Second Am. Compl. ¶ 15.) Plaintiff further alleges that this use of force was unnecessary because Plaintiff was "fully cooperative during the entirety of this event." (Second Am. Compl. ¶ 15.) Conlee then clenched Plaintiff's fingers together with such force that it caused Plaintiff "considerable pain ... which lasted for several hours." (Second Am. Compl. ¶ 16.) Conlee placed handcuffs on Plaintiff so tightly that it "caused considerable pain and numbness which lasted for several hours afterwards." (Second Am. Compl. ¶ 17.) Conlee also broke one of Plaintiff's pagers while removing items from Plaintiff's pockets. (Second Am. Compl. ¶ 18.)

Conlee took Plaintiff to the back of his vehicle and ripped off the valid registration tab from Plaintiff's van. (Second Am. Compl. ¶ 19.) Conlee then called a towing company to take Plaintiff's van off the private property where this incident took place. (Second Am. Compl. ¶ 20.) A tow truck operated by John Doe #3 from Econo Towing towed Plaintiff's van away. (Second Am. Compl. ¶ 20-21.) Plaintiff contends that John Doe #3 knew or should have known that "he had no authority to tow any vehicle from private property without informing the owner of such property, or obtaining his consent." (Second Am. Compl. ¶ 21.) Conlee then stranded

3

Plaintiff at the scene and Plaintiff was forced to call someone to pick him up off the street. (Second Am. Compl. ¶ 23.)

## III.

## DISCUSSION

### A.   Plaintiff's Claims under 42 U.S.C. § 1983

Plaintiff alleges that his constitutional rights were violated by Defendants' actions. Liberally construed, Plaintiff's Second Amended Complaint states cognizable claims for the violation of Plaintiff's rights under the Fourth Amendment and Fourteenth Amendment.

Liberally construed, Plaintiff's Second Amended Complaint states a cognizable claim under the Fourteenth Amendment against Conlee for failing to give sufficient notice to Plaintiff prior to towing his car. See Clement v. City of Glendale, 518 F.3d 1090, 1093-97 (9th Cir. 2008). Liberally construed, Plaintiff's Second Amended Complaint states a cognizable claim under the Fourth Amendment against Conlee for using excessive force during the traffic stop. See Graham v. Connor, 490 U.S. 386, 394-97 (1989). Liberally construed, Plaintiff's Second Amended Complaint states a cognizable claim under the Fourth Amendment against Conlee for unreasonably searching through Plaintiff's pockets during the traffic stop. Arizona v. Johnson, 555 U.S. 323, 327 (2009). Liberally construed, Plaintiff's Second Amended Complaint states a cognizable claim under the Fourth Amendment against Conlee for unreasonably seizing and impounding Plaintiff's vehicle. See Miranda v. City of Cornelius, 429 F.3d 858, 862-64 (9th Cir. 2005).

### B.   Plaintiff's Claims Against Defendant Jerry Dyer

Plaintiff names police chief Jerry Dyer as a defendant in this action. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional

1 deprivation; or for conduct that showed a reckless or callous indifference to the rights of
2 others.'" Id. at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).
3 Liability may not be imposed on supervisory personnel under the theory of respondeat superior,
4 Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011,
5 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones
6 v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7 However, "the factual allegations that are taken as true must plausibly suggest an
8 entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the
9 expense of discovery and continued litigation." Starr, 652 F.3d at 1216. In this case, Plaintiff
10 alleges that Dyer "has a duty, as the chief of police, to oversee his men, and to train them
11 properly so that they do not abuse their authority." (Second Am. Compl. ¶ 26.) Plaintiff further
12 alleges that Dyer "Failed to properly train his officers – or at least Conlee – and is ultimately
13 responsible for their unlawful actions." (Second Am. Compl. ¶ 26.)

14 Plaintiff's factual allegations do not plausibly suggest an entitlement to relief. Plaintiff
15 does not allege that Dyer has any direct participation in the training of Conlee or any other police
16 officer. Plaintiff does not allege any facts that plausibly support the conclusion that Conlee's
17 behavior was the product of improper training. Plaintiff does not identify how Conlee's training
18 was deficient or how Dyer caused or contributed to any deficiency in training. Accordingly,
19 Plaintiff fails to state any claims against Dyer.

20 **C.  Plaintiff's Claims Against Econo Towing and John Doe #1-3**

21 Plaintiff names Econo Towing and John Doe #1-3 (owners and employees of Econo
22 Towing) as defendants in this action. "[A] private towing company acting at the behest of a
23 police officer and pursuant to a statutory scheme designed solely to accomplish the state's
24 purpose of enforcing its traffic laws, acts under color of state law for purposes of section 1983."
25 Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323 (9th Cir. 1982) (citing Stypmann v.
26 City and County of San Francisco, 557 F.2d 1338 (9th Cir. 1977)). Liberally construed, Plaintiff
27 states a cognizable claim against Econo Towing and John Doe #1-3 under the Fourth
28 Amendment for unreasonably seizing Plaintiff's vehicle.

5

### D. Plaintiff's Claims under 42 U.S.C. § 1986

Plaintiff also raises a claim under 42 U.S.C. § 1986. Section 1986 imposes liability against persons who have "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed...." 42 U.S.C. § 1986. Section 1985, in turn, concerns discrimination. See Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (plaintiff failed to state claim under Section 1985(3) because there was no allegation of racially or class-based, invidiously discriminatory animus). Plaintiff fails to allege any facts relating to discrimination. Therefore, Plaintiff does not state any claims under Section 1985 or Section 1986.

### E. Dismissal Without Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted). However, leave to amend may be denied if the plaintiff was previously informed of the deficiencies in his claims and fails to cure those deficiencies. Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

In this case, the Court previously informed Plaintiff of the deficiencies in his claims against Dyer and in his claims under 42 U.S.C. § 1986. The additional allegations in Plaintiff's Second Amended Complaint failed to cure the deficiencies previously identified by the Court. Accordingly, the Court finds that Plaintiff's claims against Dyer and claims under Section 1986 cannot possibly be cured by the allegation of other facts. The undersigned recommends that these claims be dismissed without leave to amend and that this action proceed solely on Plaintiff's claims against Conlee, Econo Towing and John Doe #1-3 under the Fourth Amendment (excessive force, unreasonable search and unreasonable seizure) and under the Fourteenth Amendment (failure to provide sufficient notice regarding the seizure of Plaintiff's vehicle).

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's Second Amended Complaint states some cognizable claims. However, the Court further finds that Plaintiff's Second Amended Complaint does not state any cognizable claims against Defendant Jerry Dyer or any cognizable claims under 42 U.S.C. § 1986. The Court further finds that the claims against Dyer and the claims under Section 1986 cannot be cured by the allegation of other facts.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendant Jerry Dyer and Plaintiff's claims under 42 U.S.C. § 1986 be DISMISSED, without leave to amend; and

2. This action shall proceed on Plaintiff's claims against Conlee, Econo Towing and John Doe #1-3 under the Fourth Amendment (excessive force, unreasonable search and unreasonable seizure) and under the Fourteenth Amendment (failure to provide sufficient notice regarding the seizure of Plaintiff's vehicle)

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 26, 2013**

UNITED STATES MAGISTRATE JUDGE