1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| PAUL WELDON, | Case No.  1:13-cv-00540-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION BE DENIED |
| v. | |
| JERRY DYER, et al., | ECF NO. 44 |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

       On April 24, 2014, Defendants Econo Towing, Beryle Dodson, Marty Kodman and Robert Kodman (hereinafter "Econo Towing Defendants") filed a motion to dismiss or, in the alternative, for a more definite statement.  (ECF No. 44.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72.  (ECF No. 45.)

       The hearing on the motion to dismiss took place on June 4, 2014.  Timothy V. Logoluso appeared in person on behalf of the Econo Towing Defendants.  Erica M. Camarena appeared via telephone on behalf of Defendant John Conlee.  Plaintiff Paul Weldon ("Plaintiff") did not appear at the hearing.[1]  For the reasons set forth below, the Court recommends that the motion be denied.

---

[1] Plaintiff's failure to appear is addressed in a separate order to show cause issued concurrently with these Findings and Recommendations.

# I.

## BACKGROUND

Plaintiff initiated this action on April 15, 2013.  (ECF No. 1.)  The operative complaint is the Third Amended Complaint filed on March 17, 2014.  (ECF No. 36.)

Plaintiff's Third Amended Complaint states claims against Defendants John Conlee, Econo Towing, Marty Kodman, Robert Kodman and Beryle Dodson.[2]  Plaintiff alleges that he was driving a vehicle in Fresno, California on April 18, 2011 when he was pulled over by Defendant Conlee.  Plaintiff contends that Conlee was unnecessarily harsh and belligerent and unreasonably assaulted Plaintiff by roughly grabbing Plaintiff and twisting his arms behind his back.  Conlee also called Econo Towing to tow Plaintiff's vehicle.  Plaintiff alleges that Econo Towing is owned by Marty Kodman and Robert Kodman.  Plaintiff further alleges that Beryle Dodson operated the towing truck which towed away Plaintiff's vehicle.

The Court liberally construed Plaintiff's complaint as asserting the following claims under 42 U.S.C. § 1983: 1) a claim against Conlee for the violation of Plaintiff's Fourteenth Amendment rights by failing to give sufficient notice prior to towing Plaintiff's car, 2) a claim against Conlee for the violation of Plaintiff's Fourth Amendment rights by the use of excessive force, 3) a claim against Conlee for the violation of Plaintiff's Fourth Amendment rights by unreasonably searching Plaintiff's pockets during the traffic stop, 4) a claim against Conlee for the violation of Plaintiff's Fourth Amendment rights by unreasonably seizing and impounding Plaintiff's vehicle, and 5) claims against the Econo Towing Defendants for violation Plaintiff's Fourth Amendment rights by unreasonably seizing Plaintiff's vehicle.

# II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not

---

[2] Plaintiff's claims against Defendant Jerry Dyer were dismissed on July 9, 2013.  (ECF No. 12.)

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  <u>Iqbal</u>, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.

**III.**

**DISCUSSION**

The Econo Towing Defendants contend that Plaintiff's allegations against them fail to state a cognizable claim and should be dismissed.  Alternatively, the Econo Towing Defendants contend that Plaintiff should be required to provide a more definite statement of his claims.

**A.    Motion to Dismiss**

The Econo Towing Defendants argue that Plaintiff fails to state any cognizable claims against them.  The Econo Towing Defendants note that the only "overt conduct" alleged by Plaintiff is against Beryle Dodson, who "merely assisted the Fresno Police Department with the removal of a vehicle pursuant to Vehicle Code Section 22651."  (Mem. of P. & A. in Supp. of Defendants Econo Towing, Marty Kodman, Robert Kodman and Beryle Dodson Mot. to Dismiss Compl., or, Alternatively, Mot. for More Definite Statement 3:1-2.)

As the Court stated in its order screening Plaintiff's complaint, where a towing company tows a vehicle at the direction of a police officer, "the private towing company is a 'willful participant in a joint activity with the State or its agents' ... and there is a 'sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself.'"  <u>Stypmann v. City and County of San Francisco</u>, 557 F.2d 1338, 1341-42 (9th Cir. 1977).

Plaintiff alleged sufficient facts, when accepted as true, to support the conclusion that his car was towed and seized in violation of the Fourth Amendment.  "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment."  <u>Miranda v. City of Cornelius</u>, 429 F.3d 858, 862 (9th Cir. 2005).  If such a seizure is conducted without a warrant,

the burden is on the government to show that the seizure falls within one of the few specifically established exceptions to the warrant requirement.  Id. (quoting U.S. v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001).  Plaintiff's allegations support the conclusion that the seizure did not fall within any such exception and therefore violated the Fourth Amendment.

Plaintiff alleged that Econo Towing participated in the unconstitutional seizure of his car and that Beryle Dodson was the individual who towed the car.  Marty Kodman and Robert Kodman are alleged to be owners of Econo Towing.  Since it is unclear at this stage what type of business entity Econo Towing is organized as, at this stage Plaintiff has alleged sufficient facts to state cognizable claims against Marty Kodman and Robert Kodman as liable for the actions of Econo Towing.  For example, if Marty Kodman and/or Robert Kodman are "doing business as" Econo Towing, Marty Kodman and Robert Kodman are the proper defendants because a DBA designation does not create a separate legal entity.  See J & J Sports Productions, Inc. v. Flores, 913 F. Supp. 2d 950, 955-56 (E.D. Cal. 2012); Pinkerton's, Inc. v. Superior Court, 49 Cal. App. 4th 1342 (1996).  Discovery may reveal whether Econo Towing is a separate legal entity apart from its owners.

In their opposition brief and at the hearing, the Econo Towing Defendants cited Lacy v. County of Maricopa, 631 F. Supp. 2d 1197 (D. Ariz. 2008) for the proposition that Section 1983 does not create any substantive rights.  While this proposition may be true, the source of the substantive rights at issue in this case is the Fourth Amendment, not Section 1983.  Accordingly, Lacy is inapplicable.

Based upon the foregoing, Plaintiff's complaint states cognizable claims against Econo Towing, Marty Kodman and Robert Kodman for the violation of Plaintiff's rights under the Fourth Amendment stemming from the seizure of Plaintiff's car.

### B.   Motion for More Definite Statement

In the alternative, the Econo Towing Defendants move for a more definite statement of Plaintiff's claims.  Federal Rule of Civil Procedure 12(e) permits such a motion when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response."  "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that

is merely lacking detail."  U.S. EEOC v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (citing Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005)).  "Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied."  Id.  "[M]otions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'"  Id. (quoting Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

For the reasons discussed above, the complaint is specific enough to appraise the Econo Towing Defendants of the substance of the claim being asserted, namely that the towing of Plaintiff's car was unreasonable and in violation of the Fourth Amendment.  Accordingly, the Court recommends that the motion for a more definite statement be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that the Third Amended Complaint states cognizable claims against the Econo Towing Defendants.  The Court further finds that the Third Amended Complaint is specific enough to appraise the Econo Towing Defendants of the substance of Plaintiff's claim.

Accordingly, it is HEREBY RECOMMENDED that the Econo Towing Defendants' motion to dismiss, or alternatively, for a more definite statement, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

/ / /

/ / /

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5     Dated:   **June 4, 2014**

                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28