# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY DYER, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00540-LJO-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>ECF NO. 68, 69 |

Plaintiff Paul Weldon ("Plaintiff") filed motions to amend his complaint on June 30, 2014 and July 1, 2014. (ECF Nos. 68, 69.) The Court finds that these motions are suitable for adjudication based upon the record and briefs on file and therefore vacates the hearing on the motions scheduled for August 13, 2014 and the parties will not be required to appear at that time.

For the reasons set forth below Plaintiff's motion to amend is granted.

## I.

## BACKGROUND

This action is comprised of two consolidated actions: <u>Paul Weldon v. Jerry Dyer, et al.</u>, Case No. 1:13-cv-00540-LJO-SAB, filed on April 15, 2013 (the "First Action") and <u>Paul Weldon v. Economy Towing, et al.</u>, Case No. 1:14-cv-00549-LJO-SAB, filed on April 18, 2014 (the "Second Action").

///

The operative complaint in the First Action is the Third Amended Complaint filed on March 17, 2014. (ECF No. 36.) The facts alleged in the Third Amended Complaint concern an incident on April 18, 2011, where Plaintiff was pulled over by Defendant John Conlee, a police officer, and his car was towed by Defendant Econo Towing. Plaintiff asserts claims against Defendant John Conlee, Econo Towing, Marty Kodman, Robert Kodman and Beryle Dodson (all defendants collectively referred to as "Defendants").[1] Plaintiff asserted claims under 42 U.S.C. § 1983 for the use of excessive force in violation of the Fourth Amendment, an unreasonable search and seizure in violation of the Fourth Amendment, failure to provide sufficient notice regarding a seizure in violation of the Fourteenth Amendment's Due Process Clause.

The complaint in the Second Action alleges similar facts regarding the same incident on April 18, 2011. The complaint did not identify any specific causes of action. Accordingly, on June 13, 2014, the Court issued an order to show cause why the complaint filed in the Second Action should not be dismissed as duplicative to the claims in the First Action. Plaintiff's response to the order to show cause indicates that Plaintiff intended to assert additional claims for breach of contract and conversion. Plaintiff now seeks to effectively consolidate the two sets of claims in a single amended complaint.

## II.

## LEGAL STANDARDS FOR MOTIONS TO AMEND

Generally, amendments to pleadings should be granted with "extreme liberality." Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074. 1079 (9th Cir. 1990)). However, when a plaintiff has already been granted leave to amend, discretion in deciding subsequent motions to amend is "particularly broad." Id. (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to

---

[1] Although the Third Amended Complaint identifies other parties as defendants, pursuant to the Court's July 9, 2013 order screening Plaintiff's claims, the only cognizable claims in this action are those against Defendants Robert Conlee, Econo Towing, Marty Kodman, Robert Kodman and Beryle Dodson. Thus, the First Action proceeds solely against those defendants.

the opposing party, or is a dilatory tactic." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III.

### DISCUSSION

The Court finds that Plaintiff is entitled to leave to amend because there is no suggestion of undue delay, bad faith, prejudice to Defendants, or dilatory tactics. Notably, leave to amend was requested after consolidation of Plaintiff's two actions. Plaintiff had the right to prosecute both actions separately and should be allowed to prosecute both sets of claims in the consolidated action. Moreover, Defendants filed a statement of non-opposition to Plaintiff's motion. Accordingly, the Court will grant Plaintiff's motion to amend the complaint to consolidate the claims asserted in both complaints.

However, it is worth noting that Plaintiff did not allege sufficient facts to support a breach of contract claim. Under California law, the elements of a breach of contract claim are 1) the existence of the contract, 2) plaintiff's performance or excuse for nonperformance, 3) defendant's breach, and 4) the resulting damages to plaintiff. Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Plaintiff thus far has alleged no facts which suggest that a valid contract existed between Plaintiff and any of the defendants. Under California law, a valid contract requires mutual assent—i.e., a meeting of the minds on all material points of the contract. American Employers Group, Inc. v. Employment Development Dept., 154 Cal. App. 4th 836, 846-47 (2007). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Lopez v. Charles Schwab & Co., Inc., 118 Cal. App. 4th 1224, 1230 (2004). The facts alleged by Plaintiff show no such mutual assent: neither Plaintiff nor Defendants communicated any sort of "offer" to the other concerning the towing of Plaintiff's car, nor did any part accept any such "offer." The facts alleged demonstrate that Plaintiff did not consent to his car being towed. Therefore, the facts alleged do not involve any form of legal contract.

///

3

It does not appear that the facts alleged thus far support a valid breach of contract claim. However, to the extent that Plaintiff can allege additional or different facts that show a valid contract existed, the Court will give Plaintiff leave to amend the complaint to assert such a claim. Further, Plaintiff did not request leave to assert any other claims beyond those already asserted in the complaints filed thus far. Accordingly, Plaintiff may only amend for the purposes of consolidating the claims already asserted in the complaints filed thus far and may not assert any new claims.

### IV.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff leave to amend the pleadings to consolidate the claims asserted in the Third Amended Complaint filed on March 17, 2014 in the First Action and the complaint filed on April 18, 2014 in the Second Action. Plaintiff shall file his amended complaint by September 1, 2014. Plaintiff may not assert any new claims in the amended complaint beyond those asserted in the Third Amended Complaint in the First Action and the complaint in the Second Action. Moreover, Plaintiff may not allege facts materially different from those already alleged in the prior pleadings.

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing on Plaintiff's motions to amend scheduled for August 13, 2014 is VACATED and the parties are not required to appear in Court at that time;
2. Plaintiff's motions to amend are GRANTED; and
3. Plaintiff shall file an amended complaint on or before September 1, 2014. Plaintiff is forewarned that failure to timely file an amended complaint may result in sanctions, including dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 30, 2014**

UNITED STATES MAGISTRATE JUDGE