# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY DYER, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00540-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO STRIKE BE DENIED<br><br>ECF NO. 79<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On September 19, 2014, Defendant John Conlee filed a motion to strike portions of Plaintiff's Fourth Amended Complaint. (ECF No. 79.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. (ECF No. 81.)

The Court finds it appropriate for the present motion to be submitted upon the record and briefs on file without need for oral argument. See Local Rule 230(g).  Accordingly, the Court will vacate the hearing scheduled on October 29, 2014.  For the reasons set forth below, the Court recommends that Defendant's motion to strike be denied.

**I.**

**BACKGROUND**

The operative complaint in this matter is the Fourth Amended Complaint filed on September 2, 2014. (ECF No. 77.)  Plaintiff names Jerry Dyer, John Conlee, Econo Towing

1

Company, Marty Kodman, Robert Kodman and Beryle Dodson as defendants in this action ("Defendants").

Prior to the filing of the Fourth Amended Complaint, Plaintiff filed complaints in two separate actions, one in this action and the other in Paul Weldon v. Economy Towing, et al., Case No. 1:14-cv-00549-LJO-SAB. These two actions were consolidated by court order on June 12, 2014. (ECF No. 56.) Plaintiff subsequently filed a motion to amend his complaint to consolidate his claims in the two separate actions into one pleading. (ECF Nos. 68, 69.) The Court granted Plaintiff's motion on July 30, 2014. (ECF No. 76.) In so doing, the Court informed Plaintiff that he "may not assert any new claims in the amended complaint beyond those asserted in the [prior complaints]" and "may not allege facts materially different from those already alleged in the prior pleadings." (Order Granting Plaintiff's Motion to Amend 4:13-16.)

Plaintiff's claims arise from an incident on April 18, 2011. Plaintiff alleges that he was pulled over while driving a van by Defendant John Conlee. Plaintiff alleges that Conlee was impersonating a Fresno Police Officer because he never took a proper oath of office. Plaintiff further alleges that Conlee was rude to Plaintiff and eventually ordered Plaintiff out of the van and assaulted Plaintiff by twisting his arms behind his back to handcuff him. Plaintiff further alleges that, although the van was properly registered, Conlee ripped the registration tab off of the license plate and called Econo Towing Company to tow the car away. The towing truck was operated by Defendant Beryle Dodson. Econo Towing Company is owned by Defendants Marty Kodman and Robert Kodman.

The Court has construed Plaintiff's Fourth Amended Complaint as asserting claims under Section 1983 for the use of excessive force in violation of the Fourth Amendment, unreasonable search and seizure in violation of the Fourth Amendment, failure to provide sufficient notice regarding a seizure in violation of the Fourteenth Amendment, and for conversion.

/ / /

/ / /

/ / /

/ / /

## II.

## LEGAL STANDARDS FOR MOTIONS TO STRIKE

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states:

> **(f)** **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> **(1)** on its own; or
> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"'Motions to strike are disfavored an[d] infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" Contreras, ex rel. Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009)). "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" Novick v. UNUM Life Ins. Co. of America, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader." Id. (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

## III.

## DISCUSSION

Defendant argues that certain passages from Plaintiff's Fourth Amended Complaint should be stricken because the inclusion of those passages violated the Court's order to Plaintiff that he refrain from allege new claims or materially different factual allegations from those already alleged in Plaintiff's prior pleadings. The passages quoted by Defendant are:

- Page 4, lines 8-13: "Conlee has never taken an oath of office that comports with the minimum requirements of the United States Constitution and the California Constitution. In other words, Conlee was unlawfully impersonating a police officer."

///

3

- Page 6, lines 8:24-9:2: "there never existed a warrant from a court of competent jurisdiction authorizing any of the Defendants to remove Plaintiff Weldon's van from the private property that it was parked upon."
- Title Block of Fourth Amended Complaint: "Fresno Police Department"

Defendant Conlee's alleged failure to take an oath of office has been alleged in a prior pleading. (See First Amended Complaint, at pg. 3-6.) Further this allegation could have possible bearing on this litigation. If Defendant Conlee is not actually a police officer, Section 1983 may not apply to his actions because he was not acting under color of law.

The absence of a warrant has also been alleged in a prior pleading. (See First Amended Complaint, at pg. 7-8, 10-11, 17; Complaint, at pg. 2.) This allegation is also material to Plaintiff's claims for unlawful search and seizure, as Plaintiff contends that the seizure was unlawful due to the absence of a warrant.

Finally, Defendant argues that Plaintiff improperly added Fresno Police Department as a new defendant in this action. However, Plaintiff's references to "Fresno Police Department" in the caption of the Fourth Amended Complaint appears to be for the purpose of identifying Jerry Dyer and John Conlee as employees/agents of the Fresno Police Department, not to name "Fresno Police Department" as a separate defendant. The caption reads as follows:

> JERRY DYER, CHIEF,
> FRESNO POLICE DEPARTMENT;
> JOHN CONLEE POLICEMAN,
> FRESNO POLICE DEPARTMENT;
> ECONO TOWING;
> MS. MARTY KODMAN, Proprietress of
> ECONO TOWING;
> ROBERT KODMAN, Proprietor of
> ECONO TOWING; and,
> BERYLE DODSON, Employee of
> ECONO TOWING,

(Fourth Amended Compl.; at pg. 1.)

The defendant entities appear to be separated by semicolon and Fresno Police Department appears twice, leading credence to the Court's interpretation that Fresno Police Department is provided as a means of identifying Defendants Dyer and Conlee—i.e., Defendant Jerry Dyer, Chief of the Fresno Police Department. Further, in the body of the Fourth Amended

Complaint, Plaintiff expressly lists the six defendants in this action, and none of the six are "Fresno Police Department." (See Fourth Amended Complaint ¶¶ 3-9.) Accordingly, there's no indication that Plaintiff was attempting to add a new defendant in his Fourth Amended Complaint.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to strike be DENIED.

Further it is HEREBY ORDERED that the hearing scheduled on October 29, 2014 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone is VACATED and the parties are not required to appear at that time.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 23, 2014**

UNITED STATES MAGISTRATE JUDGE