# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>           Plaintiff,<br><br>      v.<br><br>JERRY DYER, et al.,<br><br>           Defendants. | Case No.  1:13-cv-00540-LJO-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL<br><br>ECF NO. 93 |

On February 2, 2015, Defendants Jerry Dyer[1] and John Conlee ("City Defendants") filed a Motion to Compel Plaintiff to Answer Deposition Questions; and Motion to Extend Expert Discovery Deadline; and Request for Sanctions.  (ECF No. 93.)  City Defendants filed a Statement re Discovery Disagreement on March 4, 2015.  (ECF No. 102.)  Plaintiff Paul Weldon ("Plaintiff") did not participate in drafting the Statement re Discovery Disagreement.

The Court finds it appropriate for Defendants' motion to be submitted upon the records and briefs on file without oral argument.  See Local Rule 230(g).  Accordingly, the Court vacates the hearing on Defendants' motion set for March 11, 2015.[2]  For the reasons set forth below, the

---

[1] Due to confusion as to whether Jerry Dyer is properly joined as a defendant in this action, there is a pending motion seeking dismissal of all claims against Defendant Dyer.

[2] A hearing is also set for March 11, 2015 on a separate matter in this action, Defendant's motion to compel Plaintiff to submit to an independent mental examination.  (See ECF No. 88.)  In a separate order issued contemporaneously with this order, the Court will continue that hearing to March 25, 2015 to coincide with Plaintiff's motion for a protective order.  (See ECF Nos. 95, 99.)

1

Court grants Defendants' motion.

# I.

# BACKGROUND

The operative complaint in this matter is the Fourth Amended Complaint filed on September 2, 2014. (ECF No. 77.) Plaintiff's claims arise from an incident on April 18, 2011. Plaintiff alleges that he was pulled over while driving a van by Defendant John Conlee. Plaintiff alleges that Conlee was impersonating a Fresno Police Officer because he never took a proper oath of office. Plaintiff further alleges that Conlee was rude to Plaintiff and eventually ordered Plaintiff out of the van and assaulted Plaintiff by twisting his arms behind his back to handcuff him. Plaintiff further alleges that, although the van was properly registered, Conlee ripped the registration tab off of the license plate and called Econo Towing Company to tow the car away. The towing truck was operated by Defendant Beryle Dodson. Econo Towing Company is owned by Defendants Marty Kodman and Robert Kodman.

The Court has construed Plaintiff's Fourth Amended Complaint as asserting claims under Section 1983 for the use of excessive force in violation of the Fourth Amendment, unreasonable search and seizure in violation of the Fourth Amendment, failure to provide sufficient notice regarding a seizure in violation of the Fourteenth Amendment, and for conversion.

# II.

# LEGAL STANDARDS FOR MOTIONS TO COMPEL

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> ...
> **(3) Specific Motions.**
> ...
> **(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

>   **(i)** a deponent fails to answer a question asked under Rule 30 or 31;
>   ...
>   **(4) Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Moreover, Rule 37 imposes sanctions against the party whose conduct necessitated a motion to compel:

>   **(5) Payment of Expenses; Protective Orders.**
>   **(A)** If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>   **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>   **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

## III.

## DISCUSSION

### A. Plaintiff's Failure to Participate in drafting a Joint Statement re Discovery Disagreement

The Court notes that City Defendants filed a Statement re Discovery Disagreement without Plaintiff's participation. City Defendants inform the Court that Plaintiff's participation was solicited, but Plaintiff failed to respond in writing.

Under this Court's Local Rules, Plaintiffs' participation in drafting a **Joint** Statement re Discovery Disagreement is mandatory:

>   **(c) Joint Statement re Discovery Disagreement.** If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled "Joint Statement re Discovery Disagreement." **All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement**, which shall specify with particularity the following matters:

> (1) The details of the conference or conferences;
> (2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and
> (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

Local Rule 251(c) (emphasis added). The Local Rules expressly warn litigants that failure to participate in the preparation of a Joint Statement is grounds for sanctions:

> Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel. See L.R. 110.

Local Rule 251(d).

Plaintiff failed to participate in drafting a Joint Statement re Discovery Disagreement in this case. In accordance with the provisions of Local Rule 251(d), the Court will order Plaintiff to show cause why he should not be subjected to sanctions for his failure to comply with the requirements of Local Rule 251.

### B. Motion to Compel Deposition Responses

City Defendants' motion seeks to compel Plaintiff to respond to certain deposition questions. City Defendants argue that Plaintiff was uncooperative during the deposition and provided evasive answers to deposition questions.

The deposition transcript shows that Plaintiff was uncooperative with City Defendants' attorney, Ms. Erica Camarena, from the start. Plaintiff's rude and obstructive behavior apparently stemmed from Plaintiff's utter lack of understanding of how discovery and depositions work. Plaintiff began the deposition challenging Ms. Camarena's license to practice law. Plaintiff then challenged Ms. Camarena's qualification to administer oaths and ask questions at the deposition. Plaintiff then refused to proceed with the deposition under the mistaken belief that Ms. Camarena could not ask questions unless she was qualified to administer oaths.

/ / /

At this point, the Court notes that the Local Rules are deliberately designed in a way that affords litigants, including Plaintiff, a full and fair opportunity to present their legal arguments to the Court, including Plaintiff's contention that Ms. Camarena is prohibited from asking questions at a deposition unless she is qualified to administer oaths. Specifically, Local Rule 251 affords Plaintiff the opportunity to present his side of the argument in a Joint Statement re Discovery Dispute and cite the legal authority that supports his contentions. Unsurprisingly, Plaintiff refused to participate when it was time to put his money where his mouth was, and has utterly failed to present the Court with any authority whatsoever justifying his obstinate behavior at the deposition.

Ms. Camarena later attempted to ask Plaintiff about the cell phone mentioned in Plaintiff's complaint. Plaintiff refused to answer Ms. Camerena's questions with responses such as "why is this relevant," and "No, I'm not answering. Period. Okay? Next." Plaintiff then accused Ms. Camarena of "rape, a molest, and a torture and unnecessary..." Plaintiff refused to answer Ms. Camarena's questions regarding Plaintiff's home address, educational background, employment, and prior lawsuits involving Plaintiff. Plaintiff refused to answer Ms. Camarena's questions regarding the incident alleged in Plaintiff's complaint, such as where Plaintiff was traveling from and to, who Plaintiff was talking to on the phone, Plaintiff's cell phone number, whether Plaintiff was authorized to park on the property where his car was towed, etc.

The deposition transcript shows that Plaintiff exhibited a shameful lack of professionalism, respect, and courtesy toward Defendants' counsel. As much as Plaintiff would like to paint himself as the victim of harassment, it is *Plaintiff* who is harassing *Defendants' counsel* through his rude, offensive, uncooperative behavior and hyperbolic objections. This Court will not tolerate this type of behavior from any litigant or attorney practicing before this Court.

Defendants' counsel's conduct during the deposition does not come close to conduct that could be characterized as "rape," "molestation," or "torture." This Court oversees thousands of lawsuits filed by litigants. By the Court's estimation, tens of thousands of depositions of witnesses occur in these cases every year. To the Court's knowledge, Plaintiff is the only

witness to compare his deposition experience with "rape." Depositions go hand-in-hand with lawsuits. Discovery requests go hand-in-hand with lawsuits. Plaintiff chose to file this lawsuit. Plaintiff better quickly learn to cope with the consequences of his choices. If you file a lawsuit, chances are you are going to be deposed by the opposing party. This does not constitute harassment in any way, shape, or form. Defendants' right to conduct discovery stems from their right of due process to mount a defense against Plaintiff's claims. Plaintiff possesses the exact same right to depose Defendants and propound discovery. Both parties are entitled to their respective rights and the Court will adjudicate under the requirement of the law. Professionalism will always be exercised in this Court and applies equally to attorneys and parties and parties who represent themselves.

Plaintiff must comply with the Federal Rules of Civil Procedure's discovery rules and treat Defendants' counsel and others with professionalism, courtesy, and respect. Further instances of misconduct will not be tolerated by the Court. If Plaintiff does not correct his behavior, the Court will recommend that the action be dismissed.

The Court advises Plaintiff that the scope of discovery is quite broad. Federal Rule of Civil Procedure 26(b)(1) states:

> (b) Discovery Scope and Limits.
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The scope of discovery encompassed by Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify issues." Id. (citing Hickman v. Taylor, 329 U.S. 495, 500-501 (1947)).

1  "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise
2  during litigation that are not related to the merits." Id.

3  Thus, the Supreme Court has expressly held that discovery is not limited to matters which
4  fall within the four corners of Plaintiff's complaint.  Defendants have the right to use the
5  discovery process to investigate into any matters which are reasonably calculated to lead to the
6  discovery of admissible evidence.  Plaintiff's personal background may yield information
7  relevant to Plaintiff's credibility.  Plaintiff's prior lawsuits may yield information relating to a
8  pattern and practice of litigation against governmental entities or lack of cooperation with
9  government officials.  Notably, Plaintiff's cellphone is a matter which Plaintiff himself injected
10 into this lawsuit.  Plaintiff alleged that he received a call from his "legal counsel" during the
11 incident alleged in the complaint.  Therefore, Defendants have a right to ask Plaintiff questions
12 about this cell phone and information regarding the "legal counsel" Plaintiff was speaking to
13 during the incident.  Defendants have a right to investigate whether this third party "legal
14 counsel" has relevant information and should be called to testify at trial.

15  The Court advises Plaintiff that these same discovery rules apply equally in favor of
16 Plaintiff, granting Plaintiff the broad right to use the discovery process to investigate his claims
17 against Defendants.  The right to broadly investigate any matter which is reasonably calculated
18 to yield information that could be used by a party in this litigation is firmly established.  Plaintiff
19 filed this action, thereby opening the doors of discovery to Defendants.

20  Accordingly, the Court will compel Plaintiff to submit to further questioning at a
21 deposition scheduled by Defendants.  Plaintiff shall provide truthful, complete, and non-evasive
22 responses to Defendants' questions that are reasonably calculated to lead to the discovery of
23 admissible evidence.  Plaintiff is further advised that his objections to Defendants' deposition
24 questions, as set forth in the deposition transcript excerpts submitted by Defendants, are not
25 substantially justified, as the questions asked by Defendants fall within the broad scope of the
26 discovery limits.

27  Furthermore, Plaintiff is advised that a deposition is Defendants' time to ask Plaintiff
28 questions, Plaintiff is not permitted to grill Defendants' counsel with questions regarding her

1  qualifications. If Plaintiff has any objections to the deposition, Plaintiff may make them on
2  record and then raise them in a motion to the Court if he intends to not answer the question
3  asked. Time wasted by Plaintiff's antics is time which Defendants have to pay for in attorneys'
4  fees, videographer fees, and transcription fees. Plaintiff is forewarned that the Court will
5  sanction Plaintiff for further behavior which wastes Defendants' time and require Plaintiff to
6  reimburse Defendants for any time wasted by Defendants' antics.

7        **C.     Plaintiff's Responses to Written Discovery**

8  In their Statement re Discovery Disagreement, Defendants seek to compel Plaintiff to
9  respond to written discovery. Specifically, Defendants contend that Plaintiff's responses to
10 certain interrogatories and requests for production of documents were uncooperative and evasive.
11 However, Defendants' February 2, 2015 motion was directed solely at Plaintiff's deposition
12 responses and made no mention of Plaintiff's written discovery responses. Accordingly, the
13 Court has no occasion to address the propriety of Plaintiff's written discovery responses. If
14 Defendants wish to put Plaintiff's written discovery responses at issue, Defendants must do so in
15 a properly noticed motion.

16       **D.     Defendants' Request to Extend the Expert Discovery Deadline**

17 In their Statement re Discovery Disagreement, Defendants request an extension of the
18 deadline to conduct expert discovery. Again, this is an issue not raised in their February 2, 2015
19 motion. The Court will address whether the expert discovery deadline should be extended in
20 conjunction with Defendants' motion to compel Plaintiff to submit to an independent medical
21 examination and Plaintiff's motion for a protective order (from an independent medical exam).

22       **E.     Plaintiff's Freedom of Information Act ("FOIA") Requests**

23 In their Statement re Discovery Disagreement, Defendants inform the Court that Plaintiff
24 served the City of Fresno with a request under the Freedom of Information Act seeking all
25 information about "agents and employees related to or working on the *Weldon v. Conlee* case."
26 The Court is sympathetic to counsel regarding Plaintiff's attempt to obtain personal
27 information regarding Defendants' counsel. This information clearly falls outside even the broad
28 scope of discovery in this litigation. Personal information regarding Defendants' *attorneys* does

not appear to be relevant to this case. This is clearly distinguishable from personal information regarding *Plaintiff*. Plaintiff is a party to this action and was directly involved in the incident alleged in Plaintiff's complaint. *Ms. Camarena* was not. *Plaintiff* is almost certainly going to be called as a percipient witness at the trial on his claims and some degree of personal information regarding Plaintiff can be said to be reasonably calculated to lead to admissible evidence as it may lead to evidence regarding Plaintiff's credibility and character for truthfulness. In contrast, there is no indication that *Ms Camarena* will be called as a percipient witness and, therefore, no justification for seeking her personal information since Ms. Camarena's credibility is not at issue if she is not testifying. Similarly, if Plaintiff were represented by an attorney, discovery requests seeking personal information regarding Plaintiff's attorney would be outside the scope of permissible discovery.

However, Plaintiff's FOIA requests are not subject to the rules of discovery, they are subject to the limitations set forth in the Freedom of Information Act. Defendants cite no authority which would permit the Court to take action against Plaintiff for his FOIA request. Accordingly, the Court will not sanction Plaintiff for making his FOIA request.

### F. Defendants' Request for Sanctions

Defendants request sanctions from Plaintiff in the amount of $715, which represents 6.5 hours of attorney time billed at $110 per hour. Rule 37 mandates the imposition of monetary sanctions unless Defendants failed to meet and confer in good faith before filing their motion, Plaintiff's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. The Court finds that none of these conditions exist in this instance. The Court further finds the $715.00 in sanctions to be reasonable expenses incurred in making their motion to compel.

The Court notes that Plaintiff has a history of non-cooperation and flirting with sanctions in this action. On June 4, 2014, the Court ordered Plaintiff to show cause why he should not be sanctioned for his failure to appear at a motion hearing. (ECF No. 55.) On October 9, 2014, Plaintiff filed a frivolous motion for protective order which the Court denied. (ECF Nos. 88, 84.)

Plaintiff is forewarned that repeated failure to comply with the Federal Rules of Civil

Procedure, the Local Rules, and this Court's orders will be met with increasing sanctions, up to and including dismissal of Plaintiff's claims.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff failed to comply with Local Rule 251 by failing to participate in the drafting of a Joint Statement re Discovery Disagreement. The Court further finds that Plaintiff improperly refused to answer questions during his deposition. The Court declines to address Defendants' arguments regarding Plaintiff's responses to written discovery requests because those issues are beyond the scope of Defendants' motion to compel.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why further sanctions should not be imposed for his failure to comply with Local Rule 251 by failing to participate in the drafting of a Joint Statement re Discovery Dispute. Plaintiff shall provide a written response to this order to show cause on or before March 20, 2015;

2. Plaintiff shall submit to a further deposition at a mutually agreeable date, time, and place set by the parties and Plaintiff shall provide truthful, complete, and non-evasive responses to Defendants' questions; and

3. Plaintiff shall pay Defendants $715.00 in monetary sanctions due to his failure to comply with the discovery rules. If Plaintiff has not paid these sanctions within thirty (30) days, Defendants shall notify the Court and the Court will order Plaintiff to show cause why further sanctions should not be imposed.

IT IS SO ORDERED.

Dated:   **March 6, 2015**

UNITED STATES MAGISTRATE JUDGE