# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN CONLEE, POLICE OFFICER, FRESNO POLICE DEPARTMENT; ECONO TOWING; MARTY KODMAN, OWNER, ECONO TOWING; ROBERT KODMAN, OWNER, ECONO TOWING; AND BERYLE DODSON, EMPLOYEE, ECONO TOWING,<br><br>  Defendants. | Case No. 1:13-CV-00540-LJO-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR NUNC PRO TUNC ORDER.<br><br>(Doc. 94) |

Before the Court in the above-styled and numbered cause of action is Defendants' "Motion for *Nunc Pro Tunc*," filed February 4, 2014 (Doc. 94), by which they ask the Court to acknowledge its prior dismissal of Plaintiff's 42 U.S.C. § 1986 ("Section 1986") claims as well as all of Plaintiff's claims against Chief Jerry Dyer, and to remove Chief Dyer as a Defendant. Defendants have subsequently filed a motion for summary judgment (Doc. 97). In order to clarify which of the claims remain in the operative complaint in light of the previous dismissals, the Court will address the instant motion in advance of its adjudication of Defendants' summary judgment motion. The Court deems the matter appropriate for determination without oral argument. *See* Local Rule 230(g).

"*Nunc pro tunc,* Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." *Iouri v. Ashcroft,* 487 F.3d 76, 87 (2nd Cir. 2007) (citing *Black's Law Dictionary* 1100 (8th Ed. 2004)). A district court uses *nunc pro tunc* relief for the limited purpose of clarifying the record such that it reflects "what the district court actually intended to do at an

1

earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *United States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir. 2000) (citing *Martin v. Henley,* 452 F.2d 295, 299 (9th Cir. 1971)); *see also U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (quoting *Sumner,* 226 F.3d at 1009-10 ("[T]he power [of a *nunc pro tunc* order] is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice. It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose.")). *Nunc pro tunc* relief "should be granted or refused as justice may require." *Mitchell v. Overman,* 103 U.S. 62, 65 (1882).

Having considered the record in this case, the parties' briefing, and the relevant law, the Court will grant Defendants' motion because doing so clarifies the record.  Defendants are correct that the Court previously dismissed without leave to amend Plaintiff's Section 1986 action and all claims against Chief Jerry Dyer in the Court's July 9, 2013 Order (*see* Doc. 14); and, that the Court granted Plaintiff leave to amend the complaint for the sole purpose of substituting three Doe defendants with proper names.  *See* Doc. 37.  This Court rendered an Order on July 9, 2013 (Doc. 14), in which it adopted in full the Findings and Recommendations of the Magistrate Judge (*see* Doc. 12), and explicitly ordered that:

> 2. Plaintiff's claims against Defendant Jerry Dyer and Plaintiff's claims under 42 U.S.C. § 1986 are DISMISSED, without leave to amend; and
>
> 3. This action shall proceed on Plaintiff's claims against Defendants Conlee, Econo Towing and John Doe #1-3 under the Fourth Amendment (excessive force, unreasonable search and unreasonable seizure) and under the Fourteenth Amendment (failure to provide sufficient notice regarding the seizure of Plaintiff's vehicle).

In Plaintiff's Third Amended Complaint, lodged March 17, 2014 (Doc. 36), he properly substituted Marty Kodman and Robert Kodman, owners of Econo Towing, and Beryle Dodson, an employee at Econo Towing, for the Doe Defendants.  Contrary to the Court's July 2013 Order, however, Plaintiff failed to remove Jerry Dyer as a Defendant and continued to assert the same claims against Dyer. *See* Doc. 36, ¶ 28, and prayer for relief ¶ 1.  This Court also observes that although the Magistrate Judge's more recent Findings & Recommendations, rendered October 23, 2014 (Doc. 86), referred to Plaintiff's Fourth Amended Complaint ("FAC," Doc. 77) as the "Operative Complaint," the mistakes in the pleading persist.  Notwithstanding the Magistrate

2

Judge's October 2014 reference to the FAC, such a reference did nothing to legitimize Plaintiff's inclusion of a terminated defendant or dismissed claims. The FAC plainly conflicts with the Court's July 2013 Order. Plaintiff again names Jerry Dyer as a defendant, asserts the same previously dismissed claims against Dyer, and maintains the previously dismissed section 1986 action. *See* Doc. 77. It is therefore necessary to correct Plaintiff's clear mistakes, correct the inadvertent oversight of these errors, and clarify the record so that it aligns with what the Court actually intended to do previously. *See Sumner*, 226 F.3d at 1009-10. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion a for Nunc Pro Tunc Order(Doc. 94), is **GRANTED**. The Court specifically acknowledges that it proceeds according to its July 9, 2013 Order (Doc. 14), that Plaintiff's Section 1986 action and all claims against Jerry Dyer have been dismissed, and **ORDERS** the parties to comply with the Court's July 2013 Order dismissing such claims and terminating such defendants. Plaintiffs' failure to comply with the July 2013 Order, the instant Order, or any of the Court's orders will result in the dismissal of this action without further notice. Parties are advised to note well that the Court has discretion to impose any and all sanctions authorized by statute or Rule or within the inherent power of the Court, including dismissal of an action, based on Plaintiff's failure to comply with a court order. Fed. R. Civ. P. 11; Local Rule 110.

In light of the previous dismissal, the Clerk and the parties **SHALL** use the modified style for all future pleadings in the case.

IT IS SO ORDERED.

Dated: **March 18, 2015**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE