# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN CONLEE, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00540-LJO-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR MENTAL EXAMINATION AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF Nos. 88, 95, 115)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO PARTICIPATE IN JOINT STATEMENT BY APRIL 3, 2015 |

On January 20, 2015, Defendant Jerry Conlee[1] filed a motion to compel Plaintiff's participation in a mental examination. (ECF No. 88.) Plaintiff filed a motion for a protective order regarding any mental examination on February 17, 2015. (ECF No. 95.) Defendant filed a discovery dispute statement on March 18, 2015 in which Plaintiff did not participate. (ECF No. 115.)

The Court finds it appropriate for the parties' motions to be submitted upon the record and briefs on file without need for further oral argument. See Local Rule 230(g). Accordingly, the hearing scheduled for March 25, 2015 will be vacated.

---

[1] The motion was filed by Jerry Dyer and John Conlee. On March 18, 2015, District Judge O'Neill issued an order clarifying that Jerry Dyer is not a defendant in this action. (ECF No. 113.)

For the reasons set forth below, the Court will deny Plaintiff's motion for a protective order and grant Defendants' motion to compel a mental examination of Plaintiff.

## I.

## BACKGROUND

The operative complaint in this matter is the Fourth Amended Complaint filed on September 2, 2014. (ECF No. 77.) Plaintiff's claims arise from an incident on April 18, 2011. Plaintiff alleges that he was pulled over while driving a van by Defendant John Conlee. Plaintiff alleges that Conlee was impersonating a Fresno Police Officer because he never took a proper oath of office. Plaintiff further alleges that Conlee was rude to Plaintiff and eventually ordered Plaintiff out of the van and assaulted Plaintiff by twisting his arms behind his back to handcuff him. Plaintiff also alleges that, although the van was properly registered, Conlee ripped the registration tab off of the license plate and called Econo Towing Company to tow the car away. The towing truck was operated by Defendant Beryle Dodson. Econo Towing Company is owned by Defendants Marty Kodman and Robert Kodman.

The Court has construed Plaintiff's Fourth Amended Complaint as asserting claims under Section 1983 for the use of excessive force in violation of the Fourth Amendment, unreasonable search and seizure in violation of the Fourth Amendment, failure to provide sufficient notice regarding a seizure in violation of the Fourteenth Amendment, and for conversion.

Defendant Conlee proposes that a mental examination of Plaintiff be performed by Harold Seymour, Ph.D. Defendant Conlee indicates that the examination will involve a standard psychological examination from a face-to-face interview with Plaintiff. Questions will include Plaintiff's background information, Plaintiff's claims of illness and injury, any prior injuries, a psychological history, medical history, family history, and a mental status examination.

Plaintiff seeks a protective order arguing that since he is only seeking $1.00 in damages Defendant is not acting in good faith to demand a psychiatric examination and the Court can take judicial notice of the emotional injury that he suffered due to the actions of the defendants.

///

///

## II.

## LEGAL STANDARDS FOR MEDICAL EXAMINATIONS AND PROTECTIVE ORDERS

Federal Rule of Civil Procedure 35(a) states, in pertinent part:

> **(a) Order for an Examination.**
> **(1) *In General*.** The Court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Protective orders are governed by Federal Rule of Civil Procedure 26(c), which states, in pertinent part:

> **(c) Protective Orders.**
> **(1) *In general.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

///

///

///

///

# III.

# DISCUSSION

### A.  Defendant Conlee's Motion to Compel Mental Examination

Defendant Conlee requests leave to conduct a mental examination of Plaintiff.  In deciding whether to order a party to submit to a mental examination:

> ...the court must decide as an initial matter, and in every case, whether the motion requesting ... the making of a physical or mental examination adequately demonstrates good cause.  The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b).  Thus, by adding the words 'good cause,' the Rules indicate that there must be greater showing of need under Rules 34 and 35 than under the other discovery rules.

Schlagenhauf v. Holder, 379 U.S. 104, 117 (9th Cir. 1964).

The "in controversy" and "good cause" requirements of Rule 35 "...are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."  Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  "Of course, there are situations where the pleadings alone are sufficient to meet these requirements.  A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  Id. at 119.

A review of the complaint shows that Plaintiff alleged mental injury and therefore placed that mental injury in controversy and provided Defendant Conlee with good cause for an examination to determine the existence and extent of the alleged mental injury.  Defendant Conlee notes that Plaintiff's complaint alleges that events at issue in this action caused Plaintiff emotional distress.

Despite the fact that Plaintiff alleged emotional injury, Plaintiff's motion for a protective order only seeks $1 in damages associated with emotional injury.  Plaintiff's complaint is unclear

4

as to the monetary damages he seeks to recover, as he only requests that "Defendants pay restitution for all the expenses incurred by Petitioner as the result of the actions complained of herein" and "Defendants pay punitive damages in the amount of $1.00 each to the Plaintiff." There appears to be no request for compensatory damages in the complaint. Accordingly, there is some ambiguity regarding the monetary relief sought by Plaintiff in this action. Plaintiff appears to be under the misunderstanding that "punitive damages" are synonymous with compensatory damages.[2]

> The facts that outline the emotional distress I suffered are outlined in my "Declaration of Paul Weldon in Support of Plaintiff's Second Amended Civil Complaint", which is already part of the record. To the extent that one were to attempt to quantify the degree of emotional distress, this would be a matter for a jury to decide. Further, it is difficult to put a monetary figure for just compensation; so this matter too shall have to be decided by a jury.

However, Defendant provides Plaintiff's answer to special interrogatories. In Special Interrogatory No. 6, Plaintiff was asked to set forth all facts supporting his contention that he had suffered non-economic damages resulting from the incident. Plaintiff answered:

(ECF No. 88-1 at 10.) In his declaration in support of the second amended complaint, Plaintiff stated, "The result of the actions of Conlee has not only caused me to lose faith in the Fresno Police Department, but has resulted in emotional pain and stress. . . ." (ECF No 11 at ¶ 21.)

In response to Special Interrogatory No. 7, Plaintiff stated "There are certain family members that have some knowledge of the emotional distress and its consequences." (ECF No. 88-1 at 10.) Further, Plaintiff indicated in response to Special Interrogatory No. 17, that he has not sought any psychological treatment and no such medical records exist. (Id. at 11.)

The Court also notes that, in his motion for a protective order, Plaintiff does not state that he is not seeking emotional distress damages, but argues that the Court may take judicial notice of the extent of Plaintiff's emotional distress. Based upon the evidence, the Court finds that Plaintiff has placed his mental injury in controversy, and therefore, has provided Defendant Conlee with good cause for the requested mental examination. Defendant Conlee's motion to

---

[2] "Compensatory damages 'are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct.' [Citation.] By contrast, punitive damages serve a broader function; they are aimed at deterrence and retribution." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003) (citations omitted).

compel a mental examination of Plaintiff is granted.

### B. Plaintiff's Motion for a Protective Order

Plaintiff moves for a protective order on the grounds that he is only seeking $1.00 in damages and judicial notice can be taken of his emotional distress.

First, as discussed above, Plaintiff has indicated that he is seeking damages for emotional distress and the fact that he is requesting $1.00 for punitive damages in his complaint is not a basis to grant a protective order. The Court rejects Plaintiff's argument that "good cause" is lacking for a mental examination if Plaintiff only seeks $1 in damages for emotional distress. None of the cases cited by Plaintiff suggest that the amount in controversy is relevant in the Court's determination of "good cause." If Plaintiff seeks <u>any</u> amount of damages for emotional injury, he has put his mental health "in controversy" in this action; and Defendant has "good cause" to conduct a mental examination to investigate Plaintiff's claims.

While Plaintiff argues that Defendant seeks the mental examination for the purposes of harassing him, his arguments are insufficient to show that subjecting Plaintiff to a mental examination would subject him to annoyance, embarrassment, oppression, or undue burden or expense as he has placed his mental health in issue by bringing this action and placing his emotional distress in controversy.

Finally, while Plaintiff states that the Court can take judicial notice of his emotional distress, this is not the case. The concept of judicial notice only applies to facts that are not subject to reasonable dispute because 1) they are generally known within the trial court's territorial jurisdiction, or 2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rule of Evidence 201(b). The existence and extent of Plaintiff's emotional injury are facts that are subject to reasonable dispute. Plaintiff's mental health status is not "generally known" within this district, nor is it "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, whether or not Plaintiff experienced emotional distress from the events described in his complaint and the degree of emotional distress experienced are not judicially noticeable facts.

Plaintiff's motion for a protective order is denied.

## IV.

## ORDER TO SHOW CAUSE

In the order issued March 6, 2015 granting Defendants' motion to compel answers to deposition questions, Plaintiff was informed that his participation in drafting a joint statement re discovery dispute was mandatory. (ECF No. 103 at 3:23-4:6.) Plaintiff was further warned that the Local Rules provide that failure to participate in the preparation of the joint statement is grounds for sanctions. (Id. at 4:6-11.) In the March 6, 2015 order, Plaintiff was ordered to show cause why sanctions should not issue for his failure to comply with the requirement that he participate in the joint statement. (Id. at 4:12-15.) Plaintiff's written response to that Order to Show Cause is due March 20, 2015. (ECF No. 103)

Less than two weeks after being informed that he must participate in the joint statement, and despite Defendant's efforts to obtain Plaintiff's participation, Plaintiff has again failed to participate in drafting the joint statement of discovery dispute. Accordingly, Plaintiff is ordered to show cause why sanctions should not be imposed for his failure to comply with Local Rule 251 by failing to participate in drafting a joint statement re discovery dispute in the matter currently before the Court.

## V.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's mental health is "in controversy" in this action and "good cause" exists for Defendants to conduct a mental examination of Plaintiff under Federal Rule of Civil Procedure 35. Further, Plaintiff has not shown that he is entitled to a protective order in this instance. Finally, Plaintiff is ordered to show cause why sanctions should not issue for his failure to comply with Local Rule 251.

Accordingly, it is HEREBY ORDERED that:

1. The hearing scheduled on March 25, 2015 is VACATED;
2. Plaintiff's motion for a protective order is DENIED;
3. Defendant Conlee's motion to compel the mental examination of Plaintiff is GRANTED;

4. Within forty-five days of service of this order, Plaintiff shall SUBMIT to a mental examination by Dr. Seymour, 5740 N. Palm, Suite 105, Fresno, California on a date to be determined by the parties;

5. Plaintiff shall SHOW CAUSE why further sanctions should not be imposed for his failure to comply with Local Rule 251 by failing to participate in the drafting of a joint statement re discovery dispute. Plaintiff shall provide a written response to this order to show cause on or before April 3, 2015; and

6. Plaintiff's failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 20, 2015**

UNITED STATES MAGISTRATE JUDGE