# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON, | Case No. 1:13-cv-00540-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DISMISSAL SANCTIONS ISSUE AGAINST PLAINTIFF RE OUSTANDING ORDERS TO SHOW CAUSE |
| v. | |
| JERRY DYER, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

In this action, there are two outstanding orders issued toward Plaintiff to show cause why sanctions should not be issued for his failure to comply with the Local Rules concerning the participation in the preparation of a Joint Statement re Discovery Disagreement.

For the reasons set forth below, the Court recommends that dismissal sanctions issue against Plaintiff as a result of his repeated violations of the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

## I.

## BACKGROUND

The operative complaint in this matter is the Fourth Amended Complaint filed on September 2, 2014. (ECF No. 77.) Plaintiff's claims arise from an incident on April 18, 2011. Plaintiff alleges that his rights were violated when he was pulled over by Defendant Conlee. Plaintiff alleges that Defendant Conlee was "impersonating" a Fresno Police Officer because he

1   never took a valid oath of office.  Plaintiff also asserts claims against Defendants Econo Towing

2   Company, Marty Kodman, Robert Kodman, and Beryle Dodson for towing Plaintiff's car,

3   allegedly in violation of the Fourteenth Amendment.

4           As recounted below, Plaintiff has a history in this action of repeated violations of the

5   Federal Rules, Local Rules, and court orders and repeated instances of vexatious conduct and

6   unreasonable refusal to cooperate with the opposing parties which has caused undue waste of

7   time and resources both on the part of the Court as well as on the part of Defendants.

8           On June 4, 2014, the Court held a hearing on a motion to dismiss filed by Defendant

9   Conlee.  (ECF No. 52.)  Plaintiff failed to appear without notice.  The Court issued an order to

10  show cause why sanctions should not issue for Plaintiff's failure to appear.  (ECF No. 55.)  The

11  Court did not accept Plaintiff's excuse that he was unaware that his attendance was required and

12  admonished Plaintiff to comply with the Local Rules.  (ECF No. 72.)  However, monetary

13  sanctions were not issued because Defendant failed to provide evidence of the costs and fees

14  associated with their appearance at the motion hearing.

15          On October 9, 2014, Plaintiff filed a motion for a protective order regarding a videotaped

16  deposition of Plaintiff noticed by Defendants.  (ECF No. 83.)  The Court found Plaintiff's motion

17  and argument to be frivolous and denied it on October 10, 2014 without oral argument or further

18  briefing.  (ECF No. 84.)  Plaintiff raised the frivolous argument that he should not be subjected

19  to a deposition because he found it to be inconvenient and harassing.  Plaintiff also raised the

20  frivolous argument that a deposition of Plaintiff would serve no purpose, despite the fact that

21  Plaintiff is quite clearly a percipient witness of the events alleged in his complaint.  Plaintiff was

22  expressly told that "Plaintiff must abide by the same rules and procedures that Defendants must

23  abide by according to the Federal Rules of Civil Procedure, including those rules and procedures

24  governing depositions and other discovery requests."  (Order Denying Mot. for Protective Order

25  2:3-5.)

26          On January 20, 2015, Defendant Conlee filed a motion to conduct a mental examination

27  of Plaintiff pursuant to Federal Rule of Civil Procedure 35.  (ECF No. 88.)  The motion was

28  initially scheduled to be heard on March 11, 2015, but later continued to March 25, 2015.  (ECF

1   No. 104.)   Plaintiff filed a motion for protective order regarding a mental examination on

2   February 17, 2015.  (ECF No. 95.)

3   On February 2, 2015, Defendant Conlee filed a motion to compel Plaintiff to provide

4   responsive answers to certain questions asked during his deposition.  (ECF No. 93.)  Defendant's

5   motion and the deposition transcript showed that Plaintiff behavior during the deposition was

6   gallingly rude and uncooperative.  Plaintiff arrived at his own deposition twenty minutes late.

7   Plaintiff initially refused to submit to the deposition until Defendant's attorney, Ms. Camarena,

8   satisfied Plaintiff's unwarranted demands that Ms. Camarena prove that she is qualified to

9   administer oaths and was licensed to practice law.  After Plaintiff was warned about a future

10  motion to compel and further sanctions, Plaintiff allowed Ms. Camarena to ask questions.

11  However, Plaintiff refused to answer many, clearly relevant, questions posed by Ms. Camarena

12  claiming that they were not relevant.  Gallingly, Plaintiff accused Ms. Camarena of "rape, a

13  molest, and a torture" because of the questions asked of him during the deposition.  Plaintiff

14  behaved in this uncooperative, offensive, and legally untenable behavior despite the fact that the

15  Court's October 10, 2014 order expressly rejected Plaintiff's claims that a deposition was unduly

16  inconvenient and harassing and expressly ordered Plaintiff to comply with the Federal Rules,

17  including those concerning depositions and the scope of discovery.

18  Defendant's motion to compel regarding the deposition was scheduled to be heard on

19  March 11, 2015.  Accordingly, a Joint Statement re Discovery Disagreement was to be filed on

20  March 4, 2015 in accordance with Local Rule 251.  On March 4, 2015, Defendant Conlee filed a

21  Statement re Discovery Disagreement informing the Court that Plaintiff did not participate in

22  drafting a Joint Statement.  On March 6, 2015, the Court issued an order granting Defendant's

23  motion to compel and ordered Plaintiff to show cause why sanctions should not issue for

24  Plaintiff's refusal to participate in the preparation of a Joint Statement.  (ECF No. 103.)  The

25  Court also ordered Plaintiff to cooperate with Defendant at a subsequent deposition and pay

26  $715.00 in monetary sanctions for his behavior at the deposition.  Plaintiff's written response to

27  the order to show cause was filed on March 20, 2015.  (ECF No. 120.)

28  / / /

1    A Joint Statement related to Defendant's January 20, 2015 motion for a mental

2  examination was due on March 18, 2015.  On March 18, 2015, Defendant Conlee once again

3  filed a statement informing the Court that, for the second time in a month, Plaintiff did not

4  participate in the preparation of a Joint Statement.  On March 20, 2015, the Court granted

5  Defendant's motion for a mental examination and ordered Plaintiff to show cause why sanctions

6  should not be imposed for his second failure to participate in the preparation of a Joint

7  Statement.

8    Plaintiff filed a response to the Court's March 20, 2015 order to show cause on April 3,

9  2015.  (ECF No. 136.)  Plaintiff argues that "Weldon did indeed comply" with the Joint

10  Statement requirement by providing "Exhibit A" that was attached to Plaintiff's response to the

11  March 6 order to show cause.

12    To date, Plaintiff has not complied with the Court's March 6, 2015 order granting

13  Defendant's motion to compel Plaintiff's cooperation at his deposition.  Plaintiff has not

14  submitted to a further deposition and has not paid the $715.00 in monetary sanctions.  Instead, on

15  March 20, 2015 and March 24, 2015, Plaintiff filed a series of motions attempting to stay

16  discovery, asking for reconsideration of the Court's order granting the motion to compel, and to

17  stay enforcement of the $715.00 sanction.  (ECF Nos. 117, 122, 124, 126.)  The Court

18  disregarded these motions because Plaintiff failed to comply with the Local Rules regarding the

19  notice of these motions because Plaintiff attempted to schedule one motion to be heard the day

20  after it was filed and three motions to be heard thirteen days after they were filed.  (ECF Nos.

21  121, 130.)  Local Rule 230 and 251 requires at least 28 days of notice for regular motions and 21

22  days of notice for discovery motions.  Plaintiff refiled these motions on March 30, 2015 and

23  April 2, 2015, but failed to include a memorandum of points and authorities with these motions.

24  (ECF Nos. 132, 133, 135.)

25  / / /

26  / / /

27  / / /

28  / / /

## II.

## DISCUSSION

### A.   Plaintiff's March 20, 2015 Response to the Court's March 6, 2015 Order to Show Cause

On March 6, 2015, the Court ordered Plaintiff to show cause why sanctions should not issue for Plaintiff's failure to comply with Local Rule 251 and participate in the preparation of a Joint Statement re Discovery Disagreement concerning Defendant's motion to compel Plaintiff to provide responsive answers to questions posed during his deposition.  Plaintiff raises several arguments in his response to the Court's March 6, 2015 Order to Show Cause.  The Court rejects all of Plaintiff's arguments.

First, Plaintiff argues that he is not a legal professional and "was not aware of local rules and their import."  (Answer to Order to Show Cause Why Further Sanctions Should Not Be Imposed for Failure to Comply with Local Rule 251 ("Pl.'s Resp. to OSC") 1:21-24.)   This excuse is unconvincing for several reasons.  The Court's July 9, 2013 Informational Order (ECF No. 18) expressly informed Plaintiff that:

> In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules")....  **Failure to comply with Local Rules, federal rules or a court order, including this order, will be grounds for dismissal, entry of default or other appropriate sanctions.**

(Informational Order, at pg. 1:18-23 (emphasis in original).)

Furthermore, the Court's December 12, 2013 Scheduling Order (ECF No. 29) expressly states:

> ***Discovery Disputes:***  If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date....  Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute.   The Court may issue sanctions against the

1    moving party or the opposing party if either party fails to meet and
2    confer in good faith.

3    (Scheduling Order, at pg. 4:13-16.)

4         Additionally, throughout this litigation and prior to this particular incident, Plaintiff has

5    flouted the Local Rules and has been warned to comply with the Local Rules under threat of

6    sanctions.  (See, e.g., ECF Nos. 72, 84.)  Accordingly, Plaintiff's claimed unfamiliarity with the

7    Local Rules and Local Rule 251's Joint Statement requirement in particular, is unconvincing.

8         Second, in a related argument, Plaintiff argues that finding copies of this Court's Local

9    Rules is difficult for Plaintiff.  The Court flatly rejects this excuse as well.  The Local Rules can

10   be found and obtained for free in PDF format on the Court's website.  Finding the Court's

11   website and the Local Rules is as simple as searching for "California Eastern District Local

12   Rules" on Google.

13        Third, Plaintiff argues that:

14        ...Weldon cured his neglect in participating with the defendants'
          attorney, Erica Camarena, by sending his addition to said "Joint
15        Discovery Dispute Statement" as Weldon's attached Exhibit A
          shows.   Exhibit A consists of his statements pertinent to
16        compliance with Local Rule 251 which was submitted to Ms.
          Camarena before the time and last due date she herself set for such.
17        The substance was cut-and-paste friendly, Ms. Camarena would
          not have to manually key it in."   The Court should have the
18        aforementioned statement by this time, in keeping with the order of
          this Court.  Therefore, Weldon is now fully compliant with any
19        requirements pertaining to said Local Rule 251 requirements.

20   (Pl.'s Resp. to OSC, at pg. 2:3-11.)

21        Plaintiff appears to suggest that he submitted "Exhibit A" to Ms. Camarena in a timely

22   fashion and that Ms. Camarena could have incorporated it into the Joint Statement.  This does

23   not appear to be the case.  The Court notes that the document attached as Exhibit A to Plaintiff's

24   brief is undated, so it is unclear when it was drafted or when it was sent to Ms. Camarena.  A

25   second copy of the same document, docketed separately as ECF Number 119, is dated March 20,

26   2015.  Since Exhibit A post-dates the due date for the Joint Statement (March 4), it appears to be

27   untimely filed and, contrary to Plaintiff's contentions otherwise, does not evidence Plaintiff's

28   compliance with Local Rule 251.

1         Moreover, within Exhibit A, Plaintiff refers to the motion for summary judgment filed by

2   Defendant Conlee.  (See Pl.'s Resp. to OSC, Ex. A, at pg. 2 ("Days thereafter, Camarena filed

3   her motion for summary judgment on behalf of the City Defendants.").)    The motion for

4   summary judgment referred to in Exhibit A was filed on March 18.  Accordingly, it would have

5   been impossible for Plaintiff to have submitted Exhibit A to Ms. Camarena or to the Court before

6   the March 4 deadline for filing the Joint Statement since Exhibit A itself refers to events which

7   occurred on March 18.

8         Exhibit A also states that "[s]anctions against Weldon are not warranted, especially in

9   light of the arguments Weldon presents in said 'Plaintiff Paul Weldon's Motion to Stay

10  Discovery Pending Determination of Pending Motions for Summary Judgment.'"  (Pl.'s Resp. to

11  OSC, Ex. A, at pg. 2.)  This appears to be a reference to Plaintiff's motion to stay filed on March

12  20, 2015.  (ECF No. 117.)  Accordingly, it appears Exhibit A was drafted by Plaintiff **after** the

13  March 4, 2015 deadline for filing a Joint Statement.

14        **Accordingly, Plaintiff's contention that he sent Exhibit A to Ms. Camarena "before**

15  **the time and last due date she herself set for such" appears to be a blatant**

16  **misrepresentation to the Court.**  The deadline for filing the Joint Statement in connection with

17  Defendant's motion to compel responses at the deposition was March 4, 2015.  Exhibit A

18  appears to have been drafted on March 20, 2015.

19        Since Exhibit A was drafted and sent after the deadline for submitting the Joint

20  Statement, Plaintiff has not "cured" his violation of Local Rule 251.  Defendant wasted time and

21  resources reaching out to Plaintiff in vain to comply with Local Rule 251.  The Court was forced

22  to rule upon the motion to compel without a proper Joint Statement submitted by the parties.

23  Local Rule 251's Joint Statement requirement exists for the benefit of the Court, as a convenient

24  means to present a unified and organized statement of the issues to the Court.  Plaintiff has done

25  nothing to "cure" his violation, as the inconvenience and burden imposed on Defendant and the

26  Court has not been "cured" in any way.  The Court ruled on the motion to compel without the

27  benefit of a Joint Statement.

28  / / /

1    Fourth, Plaintiff argues that:

2        Defendants have since abandoned their position that there exist
         genuine contested issues of material fact on or before February 17,
3        2015, since they have filed motions for summary judgment, thus
         rendering further discovery issues moot at this time.... Defendants
4        have not been acting in good faith by necessitating a blizzard of
         paperwork which is burdensome to Plaintiff and this Court; none
5        of this would have come to pass had Defendants filed their
         dispositive motions at an earlier date, thus not wasting much time
6        and money unnecessarily.

7    (Pl.'s Resp. to OSC, at pg. 2:12-3:2.)

8        Plaintiff's fourth argument has no merit.  As an initial matter, even if Plaintiff's fourth

9    argument was factually accurate (and it is not), any lack of good faith by Defendant does not

10   excuse Plaintiff's failure to comply with the Local Rules.  As the adage goes, "two wrongs do

11   not make a right."  Therefore, any "bad faith" conduct by Defendant does not give Plaintiff cause

12   to violate Local Rule 251 by failing to cooperate in the preparation of a Joint Statement.

13       Further, Defendant has the right to file a motion for summary judgment at any time

14   within the deadline for filing such a motion.  Defendant has the right to conduct discovery at any

15   time within the deadline for conducting discovery.  Defendant does not "abandon" their right to

16   conduct discovery by filing a motion for summary judgment because of the possibility that their

17   motion for summary judgment will be denied.  Accordingly, even after a motion for summary

18   judgment is filed, Defendant has the right to conduct discovery, if done prior to the discovery

19   deadline, **to investigate additional facts and defenses in the event their motion for summary**

20   **judgment is denied**.  As set forth in excruciating detail throughout this order, if any party has

21   failed to act in good faith by "necessitating a blizzard of paperwork which is burdensome to ...

22   this Court," it is Plaintiff, not Defendant.

23       Based upon the foregoing, the Court finds that Plaintiff has failed to demonstrate good

24   cause for his failure to comply with Local Rule 251's requirement that he participate in the

25   preparation of a Joint Statement.  Accordingly, the Court recommends that sanctions be issued,

26   as set forth below.

27   / / /

28   / / /

8

**B.**   **Plaintiff's April 3, 2015 Response to the Court's March 20, 2015 Order to Show Cause**

On March 20, 2015, the Court ordered Plaintiff to show cause why sanctions should not issue for Plaintiff's failure to comply with Local Rule 251 and participate in the preparation of a Joint Statement re Discovery Disagreement concerning Defendant's motion for a mental examination of Plaintiff.  Plaintiff filed a response to the order to show cause on April 3, 2015.

Plaintiff's April 3 response fails to establish good cause for his failure to comply with Local Rule 251's Joint Statement requirement for the same reasons discussed above with respect to Plaintiff's March 20, 2015 order to show cause response.  In his responsive brief, Plaintiff disingenuously claims that he complied with Local Rule 251's requirements by sending his arguments in the document referred to as "Exhibit A" to Defendant and filing it with the Court. This contention is disingenuous because Exhibit A was drafted by Plaintiff after the deadline for filing a Joint Statement.  Plaintiff did not comply with Local Rule 251 in a timely manner. Plaintiff cannot "cure" his noncompliance by drafting a late brief setting forth his position on the discovery dispute.   The Court has already ruled upon Defendant's discovery motions. Accordingly Plaintiff's Exhibit A fails to serve any purpose.

Moreover, the Court notes that Plaintiff's second violation of Local Rule 251 is particularly egregious because Plaintiff refused to timely participate in the preparation of a Joint Statement **after** he was ordered to show cause why sanctions should not issue for his first violation of Local Rule 251.  The Joint Statement regarding Defendant's motion for a mental examination was due on March 18, 2015.  The Court's March 6, 2015 order expressly informed Plaintiff of Local Rule 251's Joint Statement requirements and ordered Plaintiff to show cause why he failed to comply with those requirements with respect to Defendant's order to compel deposition responses.  Accordingly, the Court finds that Plaintiff failed to comply with Local Rule 251's Joint Statement requirements a second time despite having been educated by the Court on the requirements of the Local Rule.  Accordingly, the Court recommends that sanctions be issued, as set forth below.

/ / /

**C.      Terminating Sanctions are Warranted**

In light of Plaintiff's unconvincing responses to the Court's orders to show cause and Plaintiff's refusal to cooperate despite repeated warnings and sanctions, the Court recommends that terminating sanctions be issued against Plaintiff.

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).   "Only 'willfulness, bad faith, and fault' justify terminating sanctions." Id.   In determining whether terminating sanctions are warranted, the Court considers five factors: 1) the public's interest in expeditious resolution of litigation, 2) the court's need to manage its dockets, 3) the risk of prejudice to the party seeking sanctions, 4) the public policy favoring disposition of cases on their merits, and 5) the availability of less drastic sanctions. Id.

1.      Public's Interest in Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006).

The Court finds that the public's interest in expeditious resolution of litigation favors terminating sanctions.  Plaintiff has repeatedly delayed adjudication of this action through his unreasonable, stubborn, and unprofessional conduct.  Plaintiff has failed to appear at hearings, failed to file opposition briefs to motions, failed to respond to discovery, and failed to participate in the preparation of timely Joint Statements re Discovery Disagreement.  Moreover, Plaintiff's unruly behavior during his deposition caused needless delay and additional costs, including the need to conduct a second deposition to go over questions that Plaintiff refused to answer without cause.  Plaintiff did not answer questions, and instead asked Defendant's counsel, Ms. Camarena "why is this relevant."  Plaintiff accused Ms. Camarena of "rape, a molest, and a torture."  The fact that Plaintiff is proceeding pro se does not give Plaintiff a license to act in such an unprofessional and vexatious manner.  There is no place in this Court for Plaintiff's antics.

1    Throughout this action, Plaintiff engaged in a pattern of uncooperative behavior causing

2  unnecessary delay, creating a burden on Defendants and the Court.   Accordingly, this factor

3  weighs in favor of terminating sanctions.

4          2.       Court's Need to Manage Its Dockets

5    "'District courts have an inherent power to control their dockets.   In the exercise of that

6  power they may impose sanctions including, where appropriate, default or dismissal.'"   In re

7  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1227 (quoting Thompson

8  v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986)).   Plaintiff's

9  pattern of uncooperative behavior throughout this action has caused a deluge of unnecessary

10  discovery motions from Defendants as well as orders to show cause from the Court.   Plaintiff has

11  repeatedly interfered with the Court's management of this docket.   Accordingly, this factor

12  weighs in favor of terminating sanctions.

13          3.       The Risk of Prejudice to the Party Seeking Sanctions

14    "'A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to

15  go to trial or threaten to interfere with the rightful decision of the case.'"   In re

16  Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1227.   Plaintiff has

17  repeatedly impaired Defendants' ability to litigate this action and ensure a rightful decision on

18  the merits.   Plaintiff has repeatedly refused to cooperate in discovery and refused to respond to

19  discovery requests without legal basis.   Plaintiff has needlessly inflated Defendants' costs in

20  litigating this action, and has behaved as if he, as a pro se litigant, were immune to this Court's

21  orders sanctioning Plaintiff.   From the Court's records, it appears Plaintiff has not paid the

22  $715.00 in monetary sanctions that the Court ordered to reimburse Defendant for costs

23  needlessly incurred because of Plaintiff's unreasonable behavior.   It appears Plaintiff's strategy

24  in this action is to simply annoy Defendants and the Court as much as possible, regardless of the

25  merits of his allegations.   Accordingly, this factor weighs in favor of terminating sanctions.

26          4.       The Public Policy Favoring Disposition of Cases on their Merits

27    "[T]he public policy favoring disposition of cases on their merits strongly counsels

28  against dismissal."   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at

11

1    1228.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to

2    comply with deadlines and discovery obligations cannot move forward toward resolution on the

3    merits.  Thus ... this factor 'lends little support' to a party whose responsibility it is to move a

4    case toward disposition on the merits but whose conduct impedes progress in that direction."  Id.

5    As set forth above, Plaintiff has repeatedly delayed progress toward a decision on the merits.

6    Accordingly, this factor "lends little support" in favor of Plaintiff.

7           5.     The Availability of Less Drastic Sanctions

8           In considering the availability of less drastic sanctions, the Court considers less drastic

9    sanctions, whether those less drastic sanctions have been tried by the Court, and whether the

10   Court has warned the recalcitrant party about the possibility of case-dispositive sanctions.

11   Connecticut General Life Ins. Co., 482 F.3d at 1096.

12          The Court has attempted to impose less drastic sanctions against Plaintiff, to no avail.  In

13   granting Defendant's motion to compel Plaintiff to provide responsive answers to Defendant's

14   deposition questions, the Court imposed $715.00 in monetary sanctions against Plaintiff for his

15   failure to cooperate during his deposition.  To date, it appears Plaintiff has not paid these

16   sanctions.  Instead, Plaintiff filed a motion to stay enforcement of the sanction and a motion to

17   reconsider the order granting Defendant's motion to compel.  However, Plaintiff failed to file a

18   memorandum of points and authorities setting forth the basis of his motions.  Accordingly, at this

19   juncture, Plaintiff's attempt to delay enforcement of the sanctions and to delay his deposition

20   appears to be entirely frivolous.  The Court notes that a brief filed by Plaintiff on March 20, 2015

21   attempted to argue that a stay of discovery is warranted based on a number of frivolous

22   arguments.[1]  (See ECF No. 118.)

23          Further, Plaintiff's second violation of Local Rule 251's Joint Statement requirements

24   occurred **after** Plaintiff was ordered to show cause why sanctions should not be imposed in

_____

25   [1] Plaintiff attempted to argue that Defendant impliedly admitted that further discovery was unnecessary because
     Defendant filed a motion for summary judgment, claiming there are no material facts in dispute.  Plaintiff also
26   argued that a deposition was unnecessary because Plaintiff could be called as a witness during trial and answer the
     same questions then.  Plaintiff argued that discovery was unreasonable because Plaintiff only sought $1.00 in
27   damages.  Plaintiff further attempted to argue that there are no factual issues to investigate through discovery
     because the issues/facts were well established (in Plaintiff's eyes)—it appears that Plaintiff believes that Defendants
28   has no need to take discovery because Defendants should simply believe the facts alleged by Plaintiff.

1    connection with Plaintiff's first violation of Rule 251.  Plaintiff brazenly continued to flout the

2    rules after he was ordered to show cause.

3         The Court also notes that Plaintiff's responses to the Court's orders to show cause

4    indicates that Plaintiff shows little remorse for his vexatious conduct.  Instead, Plaintiff's show

5    cause responses show that Plaintiff is under the impression that he has "cured" his prior conduct

6    by submitting late-filed briefs related to the Joint Statement requirement.  Plaintiff was utterly

7    unapologetic regarding the time and money wasted by Defendants and the Court that was

8    directly caused by Plaintiff's uncooperative behavior.

9         Based upon the additional frivolous litigation and delay spawned by Plaintiff in response

10   to the order imposing monetary sanctions, the Court finds that less drastic sanctions has had no

11   effect on Plaintiff's vexatious conduct.

12        The Court has also repeatedly warned Plaintiff regarding the possibility of case-

13   dispositive sanctions.  The following orders from the Court included this warning:

14   • The Court's June 4, 2014 Order to Show Cause Why Sanctions Should Not Be Imposed

15        For Failing To Appear At Hearing, ECF No. 55, at pg. 2:17-19 ("Plaintiff is forewarned

16        that the failure to appear at the show cause hearing may result in additional sanctions, up

17        to and including dismissal of this action.").

18   • The Court's July 30, 2014 Order Granting Plaintiff's Motion to Amend, ECF No. 76, at

19        pg. 4:22-23 ("Plaintiff is forewarned that failure to timely file an amended complaint may

20        result in sanctions, including dismissal of this action.").

21   • The Court's March 6, 2015 Order Granting Defendants' Motion to Compel, ECF No.

22        103, at pg. 6:11-14 ("Plaintiff must comply with the Federal Rules of Civil Procedure's

23        discovery rules and treat Defendants' counsel and others with professionalism, courtesy,

24        and respect.  Further instances of misconduct will not be tolerated by the Court.  If

25        Plaintiff does not correct his behavior, the Court will recommend that the action be

26        dismissed.") and at pg. 9:28-10:2 ("Plaintiff is forewarned that repeated failure to comply

27        with the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders will

28        be met with increasing sanctions, up to and including dismissal of Plaintiff's claims.").

- The Court's March 18, 2015 Order Granting Defendants' Motion for Nunc Pro Tunc Order, ECF No. 113, at pg. 3:12-17 ("Plaintiff's failure to comply with the July 2013 Order, the instant Order, or any of the Court's orders will result in the dismissal of this action without further notice. Parties are advised to note well that the Court has discretion to impose any and all sanctions authorized by statute or Rule or within the inherent power of the Court, including dismissal of an action, based on Plaintiff's failure to comply with a court order.").

- The Court's March 20, 2015 Order Granting Defendant's Motion for Mental Examination and Denying Plaintiff's Motion for Protective Order, ECF No. 116, at pg. 8:8-9 ("Plaintiff's failure to comply with this order will result in the issuance of sanctions, up to and including dismissal of this action.").

Based upon the foregoing, the Court finds that this factor weighs in favor of terminating sanctions.

Taking into consideration all of the factors laid out above, the Court finds that terminating sanctions are warranted in this action. The Court is particularly disturbed by Plaintiff's second brazen violation of Rule 251 which occurred less than a month after he was ordered to show cause why sanctions should not be imposed for an earlier violation of Rule 251.

The Court is also troubled by apparent misrepresentations to the Court in Plaintiff's March 20, 2015 response to the Court's order to show cause, wherein Plaintiff suggested that he "fully compliant" with the Joint Statement requirements by sending Defendant's counsel a brief regarding the discovery dispute "before the time and last due date" set for the Joint Statement. Plaintiff's argument appears to be a blatant misrepresentation, as the document Plaintiff allegedly sent to Defendant's counsel "before the time and last due date" was drafted **after** the relevant deadline for filing the Joint Statement with the Court.

### III.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that terminating sanctions are warranted against Plaintiff due to Plaintiff's repeated violations of the Federal Rules of Civil Procedure, the

Local Rules, and this Court's orders.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 9, 2015**

UNITED STATES MAGISTRATE JUDGE