# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>      Plaintiff,<br><br>    v.<br><br>JERRY DYER, et al.,<br><br>      Defendants. | Case No.  1:13-cv-00540-LJO-SAB<br><br>ORDER DENYING MOTIONS TO STAY IMPOSITION OF MONETARY SANCTIONS AND MOTIONS FOR RECONSIDERATION<br><br>ECF NO. 133, 135, 143, 145 |

Currently pending in this action are motions filed by Plaintiff Paul Weldon requesting the Court to stay the imposition of $715.00 in monetary sanctions and to reconsider the Court's March 6, 2015 order granting Defendant's motion to compel. (ECF Nos. 133, 135, 143, 145.)

**I.**

**BACKGROUND**

Plaintiff seeks reconsideration of the Court's March 6, 2015 order granting Defendant's motion to compel. Defendant's motion to compel arose from Plaintiff's uncooperative behavior at his own deposition. Defendant sought to compel Plaintiff to respond to their deposition questions. The Court granted the motion to compel and ordered Plaintiff to pay Defendant $715.00 in sanctions for wasting Defendant's time during the deposition.

The Court notes that Plaintiff filed two motions on March 30, 2015. (ECF Nos. 133, 135.) These motions were noticed to be heard on April 29, 2015 at 9:30 a.m., but Plaintiff did

1

1 not file any memorandum of points and authorities along with his motions.  Plaintiff only filed a 2 two page notice of his motion without any accompanying brief setting forth the factual or legal 3 basis of his motions.

4 Without prompting from the Court, Plaintiff re-filed identically titled motions on April 5 10, 2015.  (ECF Nos. 143, 145.)  These motions were noticed to be heard on May 8, 2015 at 1:30 6 p.m., which the Court later rescheduled to May 13, 2015 at 10:00 a.m. to coincide with the 7 Court's standard law and motion schedule.  The motions filed on April 10 did include 8 accompanying memoranda of points and authorities.

9 On April 21, 2015, the Court granted Defendants' motion for summary judgment, 10 granting judgment in favor of Defendants on all claims in this action.  (ECF No. 148.) 11 Accordingly, judgment has been entered in favor of Defendants on the substantive claims raised 12 by Plaintiff in his complaint.  However, the pending motions to stay imposition of the monetary 13 sanctions and for reconsideration of the order granting the motion to compel and imposing the 14 same monetary sanctions remain outstanding.

15 The Court notes that, on April 23, 2015, counsel for Defendant John Conlee, attorney 16 Erica Camarena, filed a letter informing the Court that Plaintiff purported to pay the $715.00 in 17 monetary sanctions, but used cashier's checks addressed to the District Court, rather than to 18 Defendant John Conlee or the City of Fresno.  Ms. Camarena informs the Court that she is 19 unsure whether these checks can be cashed by Defendant in the manner that they were written 20 out.

21 Given Plaintiff's actions, it is unclear whether he intends to pursue his outstanding 22 motions to stay and motions for reconsideration.  In the interest of providing final closure to this 23 action, the Court addresses the merits of Plaintiff's motions herein.

## II.

### LEGAL STANDARDS FOR MOTIONS FOR RECONSIDERATION

Local Rule 230(j) states that a motion for reconsideration must include:

> ...an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

2

>  (1) when and to what Judge or Magistrate Judge the prior motion was made;
>  (2) what ruling, decision, or order was made thereon;
>  (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>  (4) why the facts or circumstances were not shown at the time of the prior motion.

"'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III.

## DISCUSSION

For the reasons set forth below, Plaintiff's motion fails to meet any of the specified criteria for reconsideration. Plaintiff fails to demonstrate that reconsideration of the order granting Defendant's motion to compel is warranted or that a stay of that order is warranted.

Plaintiff argues that reconsideration is warranted because Defendant's motion to compel was "merely a ruse" to "gain an unfair advantage" against Plaintiff and "wear him down." Plaintiff argues that Defendant's deposition was unnecessary and improper because Defendant filed a motion for summary judgment. Plaintiff essentially contends that, since Defendant filed a motion for summary judgment that argues that no genuine dispute of material fact exists in this case, they should be estopped from conducting any further discovery, which would be inconsistent with the argument that no genuine dispute exists.

The Court has already rejected this argument from Plaintiff in the Findings and Recommendations issued on April 9, 2015. (ECF No. 138.) As discussed in more detail in the Court's April 9 Findings and Recommendations, it is perfectly reasonable for a party to file a motion for summary judgment while continuing to conduct discovery. The filing of a motion is

3

not a guarantee that the motion will be granted. Accordingly, it is within Defendant's discretion to continue investigating Plaintiff's allegations and conducting discovery to prepare for the possibility that their motion for summary judgment would be denied. The Court does not require litigants to put all their eggs in one basket.

Plaintiff also argues that it was unreasonable for Defendant to conduct a deposition and spend money to avoid paying the $1 in damages sought by Plaintiff. The Court has also rejected this argument from Plaintiff. The Court has no interest in second-guessing the parties' motivations for prosecuting and defending this lawsuit. Plaintiff's argument is particularly hypocritical, as he evidently paid the $350.00 filing fee in this action to prosecute a claim for $1 in damages. How much the parties' spend in this action is largely irrelevant in the Court's eyes.

Plaintiff also accuses Defendant of strong-arm litigation tactics. The Court is unpersuaded. In ruling on the motion to compel, the Court reviewed the deposition transcript and found that the questions asked by Defendant were reasonable and relevant. The Federal Rules of Civil Procedure required Plaintiff to answer these questions and Plaintiff refused, without cause. Plaintiff's violation of the Federal Rules had nothing to do with the resources at Defendant's disposal.

Plaintiff also argues that his motion for a protective order could not be deemed frivolous because IRS agents file motions for protective orders on a regular basis which are granted. This argument makes no logical sense to the Court. Plaintiff's motion was deemed frivolous because the arguments made in his motion had no merit. IRS agents who file motions for protective orders which are granted raise arguments which have merit. Thus, the two factual scenarios are not analogous.

Finally, Plaintiff raises several arguments regarding his failure to appear at a hearing on June 4, 2014 and his failure to comply with Local Rule 251 by filing a Joint Statement re Discovery Disagreement. Neither of these incidents is relevant to the order granting the motion to compel. Plaintiff was sanctioned for failing to cooperate at his deposition. His failure to appear at the hearing and failure to participate in the preparation of a Joint Statement are separate issues.

It is worth noting that, even in seeking reconsideration of the order granting the motion to compel and imposing sanctions against Plaintiff, Plaintiff continues his vexatious style of litigation. For reasons unknown, Plaintiff filed the same motion multiple times and set the same motions to be heard on two different dates on the Court's calendar (See ECF Nos. 135 and 141.) Explicably, Plaintiff's first set of motions did not even include a brief giving Defendants notice of the factual and legal basis of his motions. Furthermore, Plaintiff's briefs in support of his motion for reconsideration and motion to stay are largely identical. Prior to the current motions, Plaintiff attempted to file the same motions on two consecutive occasions with invalid hearing dates, which the Court disregarded for violating the Local Rules' requirements regarding notice. (See ECF Nos. 117, 122, 124, 126.) It appears Plaintiff chose to file multiple briefs for no reason other than to burden Defendants and the Court with unnecessarily voluminous paperwork and calendar dates.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff has not demonstrated grounds for the Court to reconsider its order granting Defendant's motion to compel or to stay the imposition of monetary sanctions. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions are DENIED;
2. Defendant shall, as soon as practicable, file a notice informing the Court whether the cashier's checks tendered by Plaintiff were processed by Defendant's bank;
3. If the cashier's checks could not be deposited by Defendant due to the manner they were addressed, Plaintiff shall remain obligated to pay the $715.00 in monetary sanctions to Defendant; and

///
///
///
///
///

5

4. The hearings on Plaintiff's motions scheduled for May 6, 2015 and May 13, 2015 are VACATED and the parties shall not be required to appear at that time.

IT IS SO ORDERED.

Dated: **April 24, 2015** 
 UNITED STATES MAGISTRATE JUDGE