# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WELDON,<br><br>     Plaintiff,<br><br>  v.<br><br>JOHN CONLEE, POLICE OFFICER, FRESNO POLICE DEPARTMENT; ECONO TOWING; MARTY KODMAN, OWNER, ECONO TOWING; ROBERT KODMAN, OWNER, ECONO TOWING; AND BERYLE DODSON, EMPLOYEE, ECONO TOWING,<br><br>     Defendants. | Case No. 1:13-CV-00540-LJO-SAB<br><br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.<br><br>(Doc. 156) |

Plaintiff Paul Weldon ("Weldon") proceeds *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 21, 2015, the Court rendered its Order (Doc. 148), granting summary judgment on all claims in favor of Defendants. Before the Court in the above-styled and numbered cause of action is Weldon's "Motion to Reconsider Order Granting Defendants' and Denying Plaintiff's Motions for Summary Judgment, and Dismissing as Moot Plaintiff's Motions to Stay and for Reconsideration," filed May 15, 2015 (Doc. 156). The matter is appropriate for resolution without oral argument. *See* Local Rule 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court will deny the motion.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to

1 prevent manifest injustice and is to be utilized only where extraordinary circumstances' " exist.
2 *Harvest v. Castro,* 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co.,*
3 *Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and
4 circumstances beyond his control." *Latshaw,* 452 F.3d at 1103. In seeking reconsideration of an
5 order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are
6 claimed to exist which did not exist or were not shown upon such prior motion, or what other
7 grounds exist for the motion."

8 "A motion for reconsideration should not be granted, absent highly unusual circumstances,
9 unless the ... court is presented with newly discovered evidence, committed clear error, or if there is
10 an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH
11 & Co.,* 571 F.3d 873, 880 (9th Cir. 2009), and " '[a] party seeking reconsideration must show more
12 than a disagreement with the Court's decision, and 'recapitulation ...' " of that which was already
13 considered by the court in rendering its decision. *U.S. v. Westlands Water Dist. .,* 134 F. Supp. 2d
14 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.,* 820 F. Supp. 834,
15 856 (D.N.J. 1992)).

## II.  ANALYSIS

Plaintiff does not raise any new facts, circumstances, or change in the law in his motion which would warrant reconsideration of this Court's April 15, 2015 order.  Plaintiff essentially rehashes arguments raised in his prior motions which the Court has already reviewed, considered, and ruled upon. Plaintiff has not shown clear error or other meritorious grounds for relief.

## III.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion (Doc. 156) is **DENIED**.

**SO ORDERED**
**Dated: May 28, 2015**

                                                         **/s/ Lawrence J. O'Neill**
                                            **United States District Judge**